### 43722. McCLENDON v. THE STATE.
(350 SE2d 235)

SMITH, Justice.

A Lowndes County grand jury indicted the appellant, James McClendon, Jr., on four counts of murder and one count of aggravated battery, among other charges. The state initially announced that it would seek the death penalty on all four murder counts at trial. When McClendon pleaded guilty to all four murder counts and the aggravated battery charge, the state agreed to refrain from seeking the

death penalty and to drop the remaining charges.

The trial court gave McClendon life sentences for the murders, and a twenty-year sentence for the aggravated battery, all to be served consecutively. Under OCGA § 42-9-39 (c), the trial court indicated that McClendon would not be eligible for parole until he served thirty years of his sentence. McClendon appeals the validity of his guilty plea, the trial court's denial of his motion for a committal hearing, and the constitutionality of OCGA § 42-9-39 (c). We affirm.[1]

1. The grand jury indicted McClendon on the day that he filed his motion for a committal hearing. "[O]nce an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing." *State v. Middlebrooks*, 236 Ga. 52, 55 (222 SE2d 343) (1976). Rule 26 of the Superior Court Rules, construed consistently with *Middlebrooks*, supra, may be invoked only in the absence of an indictment. We find no error.

2. The trial court, prior to accepting McClendon's guilty pleas, determined that McClendon was not intoxicated and that he understood the roles of his attorney, the prosecutor, and the court. The court then determined that McClendon was satisfied with his attorney's representation and that he had been fully apprised of his rights by his attorney. The court then further described the rights that McClendon would be waiving by pleading guilty.

At that point, the prosecution outlined the evidence that it had adduced as to each count to which McClendon intended to plea. McClendon, when given the opportunity, did not differ with the prosecution's version of events, and he did not add anything to the prosecutor's story. After the trial court accepted McClendon's pleas and sentenced him, the court gave McClendon the opportunity to withdraw his pleas in light of the sentences given. McClendon did not withdraw the pleas.

Although the court did not specifically address each issue found in Superior Court Rule 33.8, we find the court's determination of voluntariness clearly supported by the record. We find no error. Cf. *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971).

3. In pleading guilty to four counts of murder and one count of aggravated assault, McClendon admitted a number of acts that a jury could reasonably consider "aggravating circumstances" under OCGA § 17-10-30 (b). In both this and other jurisdictions, McClendon might well have been sentenced to death. In light of this fact, we can hardly

---

[1] The crime was committed on August 20, 1985. The appellant pleaded guilty on March 4, 1986. The transcript of evidence was filed on July 8, 1986. Notice of appeal was filed April 29, 1986. The record was docketed in this Court on July 25, 1986 and the case was submitted on September 5, 1986.

hold that a sentence denying McClendon consideration of parole for thirty years, under OCGA § 42-9-39 (c) to constitute "cruel and unusual punishment." See *Gregg v. Georgia*, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 1986.

*H. B. Edwards III*, for appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.