A89A0488, A89A0489. PONDER v. THE STATE (two cases).
(382 SE2d 204)

DEEN, Presiding Judge.

Appellant Ponder has filed two separate but related appeals, the first (Case No. A89A0488) being from a judgment resulting from entry of a guilty plea to a charge of possession of cocaine with intent to distribute, and the second (Case No. A89A0489) from an order revoking probation because of a violation consisting of commission of the cocaine offense. In both appeals he enumerates as error the trial court's acceptance of his guilty pleas because they were allegedly not

knowingly and intelligently entered but were obtained in violation of due process, in that he was allegedly not advised on the record (1) of his right to compulsory process or (2) of the statutory presumption of innocence in his favor. *Held*:

1. Our examination of the record of Case No. A89A0489 reveals that this court is without jurisdiction to consider a direct appeal. An appeal from an order revoking probation is among the classes of cases requiring utilization of the discretionary appeal process. OCGA § 5-6-35 (a) (5). Case No. A89A0489 must therefore be dismissed.

2. After scrutinizing the entire records of both of these cases, we find no error. We agree with appellant as to the necessity, in a free society such as ours, of ensuring that every defendant receives his full panoply of constitutional guaranties. Although the transcript does not contain the two specific phrases, or "magic words," the absence of which is enumerated as error, the reasonable person would infer from a reading of the transcript that the substance of these words — and perhaps even the words themselves — had been conveyed in pre-trial exchanges between defendant and his counsel. During the hearing, defense counsel stated in his place that he had "explained to [Ponder] his legal and constitutional rights . . . [and] the consequence of a guilty plea." Moreover, the transcript reveals that the prosecuting attorney, at the outset of the hearing, asked a lengthy series of questions regarding appellant's understanding of his legal status and of his constitutional rights, to all of which defendant/appellant answered in the affirmative.

In *McClendon v. State*, 256 Ga. 480 (350 SE2d 235) (1986), appellant challenged the validity of his guilty plea on grounds similar to those enumerated in the instant case. In its opinion affirming the judgment the Supreme Court stated, at 481: "The trial court, prior to accepting [defendant's] guilty pleas, determined that [he] was not intoxicated . . . The court then determined that [defendant] . . . had been fully apprised of his rights by his attorney. The court then further described the rights that [defendant] would be waiving by pleading guilty. . . . Although the court did not specifically address each issue found in Superior Court Rule 33.8, we find the court's determination of voluntariness clearly supported by the record. We find no error. Cf. *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971)." Like the Supreme Court in *McClendon*, supra, we find appellant's enumerations in Case No. A89A0488 to be without merit.

*Case No. A89A0489 dismissed; judgment affirmed in Case No. A89A0488. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

Since the transcript of the guilty plea hearing clearly supports the trial court's determination that appellant's plea was voluntarily

made, and the Supreme Court has ruled in *McClendon v. State*, 256 Ga. 480 (350 SE2d 235) (1986), that strict compliance with Uniform Superior Court Rule 33.8 is not necessary in such a situation, I concur specially in the majority's affirmance of the judgment in Case No. A89A0488.

DECIDED MAY 9, 1989.

*Carl J. Wilson, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.