## A89A1616. SCURRY v. THE STATE.
### (390 SE2d 255)

BIRDSONG, Judge.

Appellant, Terrance Lamar Scurry, Sr., appeals his convictions of rape, armed robbery, and aggravated sodomy, and his sentences. Appellant was convicted and sentenced after entering a plea of guilty to the above offenses. His sole enumeration of error is "whether [appellant] knowingly, intelligently, and voluntarily entered his plea of guilty."

The transcript reveals the following: Appellant could read and write, completed the ninth grade and apparently had a GED certificate. Prior to the hearing concerning the providence of his guilty plea, appellant had consulted with his attorney. Appellant was not under the influence of any alcohol, drugs, or medication at the hearing. He admitted in court to an understanding of the charges against him, and that certain of the charges would be dropped if he pled guilty. He had no questions regarding the nature or meaning of the charges. He likewise admitted to having been subjected to no force, promises, or threats that caused him to plead guilty. Appellant affirmatively stated that he had plenty of time to talk with his lawyer about the case, was satisfied with his attorney's services, and had authorized his attorney to enter a plea of guilty on his behalf as to the offenses of rape, armed robbery, and aggravated sodomy. The prosecutor summarized the facts surrounding the three crimes, and neither appellant nor his counsel expressed any disagreement with the summarization. The trial judge asked appellant on the record whether there was anything about the proceedings that appellant did not understand or that he wished to have explained to him further, and appellant expressly responded in the negative. The trial judge informed appellant on the record that if he elected to plead not guilty appellant would have a right to trial by jury, but that the right to trial by jury would be waived by a guilty plea and appellant would be required to take whatever sentence the court imposed upon him.

The trial judge did not expressly inform appellant that a plea of guilty waived the latter's right to cross-examination or confrontation. Neither was appellant expressly informed that a plea of guilty constituted a waiver of his right against self-incrimination. However, before the trial judge imposed sentence, he asked if appellant had anything that he would like to say, and neither appellant nor his counsel made any statement or offered any objection to the proceedings. At the outset we note that the trial judge did not state on the record that he

was satisfied that a factual basis existed for appellant's plea of guilty. However, such an express finding is unnecessary as the record establishes that the trial judge was aware of the factual basis, because of the prosecutor's summarization of the operative facts on the record. Compare *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230); *Clark v. State*, 186 Ga. App. 106 (2) (366 SE2d 361). Neither do we find it necessary that the trial court *always* inform appellant on the record of the waiver of every right listed in Rule 33.8, Uniform Superior Court Rules. While "[t]he waivers necessarily involved in a guilty plea cannot be presumed from a silent record," *Breland v. Smith*, 247 Ga. 690, 692 (279 SE2d 204), the record in this case is far from silent. Moreover, the record affirmatively reflects that appellant consulted with counsel for an adequate time prior to entering his guilty plea. It is presumed that counsel will fulfill the role in the adversary process that the Sixth Amendment envisions, and has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U. S. 668, 688, 690 (104 SC 2052, 80 LE2d 674). Accordingly, when the hearing record *affirmatively reflects* that a defendant has *consulted* with counsel regarding his guilty plea, and on appeal an ineffective assistance of counsel claim is not timely asserted in regard to the plea, it may be presumed (subject to rebuttal) that counsel has *adequately advised* his client regarding the meaning and effect of the subsequently offered plea. And such *consultation* constitutes an additional *factor* which may be considered in determining plea validity. Compare *Hill v. Lockhart*, 474 U. S. 52, 56-57 (106 SC 366, 88 LE2d 203). (Defendant who pleads guilty on advice of counsel may only attack the validity and intelligence character of the plea by showing that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases; the two-part test of *Strickland v. Washington*, supra, is applicable to ineffective assistance claims arising out of the plea process.) Appellant has not raised an inadequacy of counsel issue in the case sub judice.

Once a defendant raises an issue regarding the validity of his guilty plea, the burden of establishing that the plea was intelligently and voluntarily entered is on the State. *Skomer v. State*, 183 Ga. App. 308, 309 (358 SE2d 886); see *Pope v. State*, 256 Ga. 195, 209 (345 SE2d 831). In *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26), the Georgia Supreme Court interpreted *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), as requiring that there be an adequate record of the guilty plea hearing, so that an appellate court can determine whether (1) the defendant freely and voluntarily entered his guilty plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea. Id. The record in this case contains an adequate transcript of the

guilty plea hearing. Having reviewed the record of the guilty pleas, we are satisfied that "at the time [appellant's] pleas were accepted he was cognizant of all the rights that he was waiving, and of the possible consequences of his voluntary pleas of guilty." *Haggins v. State*, 259 Ga. 188, 189 (380 SE2d 711). Assuming without deciding that error occurred when the trial court failed to expressly inform appellant that by pleading guilty he was waiving certain rights, including the right against self-incrimination and the rights of confrontation and cross-examination, in view of the posture of the record, we conclude beyond a reasonable doubt such error would be harmless. *Strickland v. State*, 185 Ga. App. 444 (1) (364 SE2d 872).

It is strongly urged that trial judges fully advise defendants who offer to plead guilty of each right which would be waived thereby, as listed in Rule 33.8, and make those determinations listed in Rules 33.7 and 33.9, of the Uniform Superior Court Rules. This reasonable practice will enhance the efficiency and integrity of our criminal justice system.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1990.

*John G. Runyan*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.