A92A0411. WATT v. THE STATE.
(420 SE2d 769)

SOGNIER, Chief Judge.

Jeffrey Ray Watt entered a plea of guilty to charges of theft by taking and possession of a firearm by a convicted felon. He appeals, contending the record does not show that his plea was entered knowingly and voluntarily and that he received ineffective assistance of counsel in connection with the plea proceedings.

1. Appellant challenges the entry of judgment and sentence on his plea of guilty on the grounds, inter alia, that no factual basis for the plea was established and he was not sufficiently informed of the constitutional rights he was waiving by pleading guilty. We agree and reverse.

The transcript of the plea hearing reveals that although the prosecutor confirmed that appellant understood he was surrendering his right to a jury trial and the presumption of innocence and was aware of the possible sentences for the charged crimes, see USCR 33.8 (B) (1, 2), (C), he was not informed of the other rights he was waiving as required by USCR 33.8 (B) (3)-(7). While the Supreme Court has recognized that the trial court is not necessarily required to address each issue listed in USCR 33.8, *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986), the record as a whole must show that the defendant understood the rights he was waiving and that the plea was entered voluntarily. Id.; see *Scurry v. State*, 194 Ga. App. 165-166 (390 SE2d 255) (1990). Here, unlike the circumstances in *McClendon* and *Scurry*, the record does not affirmatively reflect that appellant's counsel adequately advised appellant concerning the nature of the

rights he was waiving and the effect thereof. Since the record is silent on this matter and appellant has challenged the effectiveness of his counsel, we cannot presume, as we did in *Scurry*, supra at 166, that appellant received adequate advice and counsel from his attorney.

Moreover, the record does not affirmatively show that the court ascertained the factual basis for appellant's plea as required by USCR 33.9. There is no discussion in the transcript of the factual basis for the charges and no presentation or summary by the prosecutor of the evidence the State would have presented at a trial. Compare *Golden v. State*, 190 Ga. App. 477 (379 SE2d 230) (1989) (although trial court made no determination of the factual basis of the charges, plea of guilty held valid because State presented summary of evidence and defendant had given statement to police). Nor does the record reveal the value of the property taken, which is a prerequisite to entry of a felony sentence on a plea of guilty to theft by taking. *Wilson v. Reed*, 246 Ga. 743, 745-746 (2) (272 SE2d 699) (1980); see *Breland v. Smith*, 247 Ga. 690, 691-692 (2) (279 SE2d 204) (1981). Since the record fails to show that appellant was cognizant of all the rights he was waiving or that the trial court ascertained the factual basis for the plea, we hold the record does not affirmatively show that appellant's guilty plea was entered knowingly and voluntarily.

2. Having found the enumerations addressed in Division 1 dispositive of this appeal, we need not consider appellant's remaining enumerations concerning the voluntariness of his plea or the ineffectiveness of his counsel.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 8, 1992 — ▉

Jeffrey Ray Watt, *pro se.*
*Robert E. Keller, District Attorney*, for appellee.