## A94A0064. McKIBBEN v. THE STATE.
(443 SE2d 640)

McMURRAY, Presiding Judge.

Defendant McKibben appeals the denial of his motion to withdraw his plea of guilty of aggravated assault with intent to rape. *Held*:

Defendant was charged by indictment with rape. Upon the trial of the case he was convicted of the lesser included offense of simple battery and sentenced on November 2, 1988, to serve 12 months in jail. Defendant was released on an appeal bond and when no appeal was filed within the statutory time for appeal, a bench warrant was issued for defendant's arrest. Several years passed before defendant was arrested.

After his arrest, the defendant filed an out-of-time motion for new trial showing that following his release on appeal bond he had returned to his prior life, residing and working in the same locations while awaiting the results of the appeal which he presumed were pending. The colloquy at the hearing on this motion showed that despite his continued presence in the community, his arrest resulted only coincidentally due to an identification check at a roadblock. Also, the public defender's office which had represented defendant at trial and may have undertaken to appeal his conviction had lost most, if not all, of their records relating to him.

After a recess of the hearing to permit negotiations concerning the status of defendant, the hearing was reconvened to permit submission of a plea bargain to the superior court under which defendant would plead guilty to aggravated assault with intent to rape with a sentence recommendation of five to serve one, with probation to begin immediately, that is, the one year to serve being commuted to time served, and first offender status to be afforded defendant.

In order to facilitate this agreement, the superior court granted defendant's out-of-time motion for new trial before receiving defendant's plea of guilty of aggravated assault with intent to rape. Defendant was then sentenced in accordance with the provisions of the plea bargain, but within 30 days thereafter defendant filed his motion to withdraw the guilty plea, which was denied.

After the grant of defendant's motion for new trial and before the submission of the plea of guilty, thus while defendant stood before the trial court with the right to trial intact, defendant's trial counsel stated for the record the substance of certain conversations with defendant and advice he and others had provided defendant. Included in this statement were suggestions that under certain circumstances defendant might be retried on the rape charge. We also note that during colloquy with counsel prior to the recess of the hearing, the trial court had stated that retrial on the rape charge was a possibility if defendant's misdemeanor conviction was overturned on appeal.

The suggestions that defendant could be retried on the rape charge were entirely unfounded as the verdict of guilty of the lesser included offense of simple battery at defendant's rape trial amounted to an implicit acquittal of defendant on the rape charge. See *Potts v. State*, 258 Ga. 430, 431 (1) (369 SE2d 746).

Under the procedure for the receipt of guilty pleas set out in Uniform Superior Court Rules 33.7, 33.8, and 33.9, it is incumbent upon the trial court to determine that the defendant understands the nature of the charge against him. Uniform Superior Court Rule 33.8 (A). In this case, there was no determination on the record of defendant's actual understanding of the nature of the charges against him and whether his plea of guilty was motivated by a desire to avoid retrial on the rape charge. While our case law does not require a strict point-by-point compliance with the directions provided by the uniform rules related to the reception of guilty pleas, they do require that the record as a whole show defendant's action was knowing and voluntary. *Watt v. State*, 204 Ga. App. 839 (1) (420 SE2d 769); *Wood v. State*, 190 Ga. App. 179, 181 (2) (378 SE2d 520). Under these circumstances, this standard was not reached and the withdrawal of defendant's plea of guilty to the aggravated assault charge is necessary.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

Decided April 11, 1994.

Steven J. Jackson, for appellant.
Lewis R. Slaton, District Attorney, Charles W. Smegal, Carl P. Greenberg, Assistant District Attorneys, for appellee.