## A94A2309. BROWN v. THE STATE.
### (454 SE2d 596)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with the offense of murder in that he "unlawfully and with malice aforethought cause[d] the death of Cynthia Ann Webb Brown, by asphyxiation. . . ." With the assistance of counsel and "pursuant to an agreement between the State and the defense, [defendant agreed to] plead guilty to the lesser included offense of voluntary manslaughter." However, on May 24, 1994, the day of the hearing on this plea agreement, the District Attorney for the Cordele Judicial Circuit preferred an accusation charging defendant with the additional offense of cruelty to George Ira Brown, Jr., a child under the age of 18, by "striking and suffocating Cindy Brown, the child's mother, and thereby causing her death in the presence of said child. . . ."

At the hearing, the trial court determined that defendant had completed high school through the tenth grade and that he was not under the influence of alcohol or drugs. The trial court then questioned defendant as to the voluntariness of his guilty plea to the lesser offense of voluntary manslaughter, advising defendant of the

rights he was waiving by foregoing a jury trial. In response to direct inquiry, defendant affirmed that he was satisfied with the services of his attorney. With respect to the charge of cruelty to children, the following then transpired: "[THE COURT:] Do you understand that you have the right to have this accusation submitted to the grand jury first to determine whether or not you will be indicted? . . . [DEFENDANT:] Yes, sir. [THE COURT:] Do you wish that done or do you wish to go ahead and dispose of the case today and enter a plea? [DEFENDANT:] Go ahead and dispose of it." The trial court then read the accusation and again queried defendant as to the voluntariness of his plea.

The trial court accepted defendant's guilty pleas and proceeded with sentencing. The State's attorney recommended that defendant receive a sentence of 20 years for the offense of voluntary manslaughter and for the offense of "cruelty to children, . . . a sentence of 20 years to be served consecutively. . . ." The following then transpired: "[DEFENSE COUNSEL:] Your Honor, that's the recommendation we anticipated. We would ask the Court to follow it. [Defendant] has asked me to inform the Court and also to make part of the record in this case that he never physically harmed this child and he never would physically harm this child. [THE COURT:] But you're basically agreeing with the recommendation of the State. . . . [DEFENSE COUNSEL:] Yes, sir."

Thereafter, defendant never moved to withdraw his guilty pleas but filed this direct appeal, challenging "only his conviction for the offense of cruelty to children. . . ." *Held*:

In two related enumerations, defendant contends the trial court failed to follow the mandatory procedures for accepting a guilty plea as outlined in the Uniform Superior Court Rules (USCR). Specifically, he enumerates the failure of the trial court to inform him of the "maximum possible sentence . . ." for cruelty to children, as required by USCR 33.8 (C) (2). He further enumerates the purported failure of the trial court to determine on the record that a "factual basis existed for [defendant's] plea of guilty . . ." as required by USCR 33.9.

1. So long as the substantive requirements of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) concerning the defendant's guilty plea are met, there is no procedural requirement that the trial judge personally make all the inquiries established by USCR 33.7 through 33.9. See *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13). "It is presumed that counsel will fulfill the role in the adversary process that the Sixth Amendment envisions, and has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U. S. 668, 688, 690 (104 SC 2052, 80 LE2d 674). Accordingly, when the hearing record affirmatively reflects that a defendant has consulted with

counsel regarding his guilty plea, and on appeal an ineffective assistance of counsel claim is not timely asserted in regard to the plea, it may be presumed (subject to rebuttal) that counsel has adequately advised [the] client regarding the meaning and effect of the subsequently offered plea. And such consultation constitutes an additional factor which may be considered in determining plea validity. Compare *Hill v. Lockhart*, 474 U. S. 52, 56-57 (106 SC 366, 88 LE2d 203)." (Emphasis omitted.) *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255).

In the case sub judice, there is no allegation that trial counsel rendered ineffective assistance with respect to defendant's guilty pleas. The record[1] demonstrates that defendant and his counsel anticipated the State's request for a 20-year consecutive sentence and counsel agreed to that sentence in defendant's presence, in response to direct inquiry by the court. In the absence of any allegation to the contrary, this record supports the conclusion that counsel fulfilled his professional responsibilities and informed defendant of the maximum sentence. *Scurry v. State*, 194 Ga. App. 165, 166, supra. "An accused, having participated in the court's inquiry into the voluntariness of a guilty plea and having approved ' "in the presence of the court while his attorney entered a plea of guilty in his behalf and the court acting thereon imposed [the anticipated] sentence, (is not permitted) to deny thereafter the authority of his attorney to enter the plea or to deny his approval of such action by his attorney. Had he had any objection [that the State's recommendation deviated from the anticipated sentence], he should have made it known at the time and before the court acted thereon." (Cits.)' *Smith v. Fuller*, 223 Ga. 673, 675 (2) (157 SE2d 447) (1967)." *Paino v. State*, 209 Ga. App. 87, 88 (432 SE2d 599). "Although the [trial] court [in the case sub judice] did not specifically address each issue found in Superior Court Rule 33.8, we find the court's determination of voluntariness clearly supported by the record. We find no error. Cf. *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971)." *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235). Compare *McKibben v. State*, 212 Ga. App. 866 (443 SE2d 640). "Although no reversible error was committed as [contended in this enumeration], we strongly caution both the state and superior courts, in the interests of judicial economy, to comply in spirit and in letter with the requirements of Uniform Superior Court Rules 33.7-33.9 when conducting guilty plea hearings." *Robinson v.*

---

[1] We do not consider the affidavit of trial counsel made subsequent to the entry of judgment, for it does not affirmatively appear that this evidence was properly made of record. Rather, it is appended as an exhibit to the State's brief. "This procedure is not an authorized method to supplement the record. See OCGA § 5-6-41 (g), (i)." *Leatherwood v. State*, 212 Ga. App. 342 (1a) (441 SE2d 813).

*State*, 212 Ga. App. 613 (1), 615 (442 SE2d 901).

2. Uniform Superior Court Rule 33.9 provides: "Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy [the court] that there is a factual basis for the plea." "It is not necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when there is evidence that the trial court is aware of the factual basis." (Citation and punctuation omitted.) *Holland v. State*, 209 Ga. App. 821, 822 (434 SE2d 808). In the case sub judice, the particulars alleged in the fact-specific accusation were admitted to by defendant's plea. Those particulars were further corroborated by defendant's mitigating statement that he never harmed the child and never would. "Although the details of what occurred so as to constitute the [crime of cruelty to children] were not articulated, which is the better practice, the court minimally made 'such inquiry on the record as may satisfy (it) that there is a factual basis for the plea.' USCR 33.9. Compare *Evans* [*v. State*, 212 Ga. App. 805 (443 SE2d 296)]." *Johnson v. State*, 214 Ga. App. 404, 405 (2) (447 SE2d 711).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1995.

*Kenneth W. Krontz,* for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney,* for appellee.