## A97A0046. JOHNSON v. THE STATE.
(489 SE2d 138)

BEASLEY, Judge.

Harvey Johnson, a/k/a Harvey English, appeals the judgment sentencing him on three counts of violation of the Georgia Controlled Substances Act following a plea of guilty.

1. Johnson enumerates as error the acceptance of his plea without assurance he was advised that the direct consequence of entering a non-negotiated plea on the charges of sale and possession with intent to distribute was the mandatory imposition of life sentences. The record indeed does not show that, at the time Johnson entered his plea to three 1995 drug violations, he voluntarily and intelligently subjected himself automatically to sentences of mandatory life in prison on counts 2 (sale of cocaine) and 3 (possession of cocaine with intent to distribute). OCGA § 16-13-30 (b) and (d), pre-1996 amendment.

As to Count 1 (possession of a mixture of cocaine with purity of at least ten percent and weight in excess of twenty-eight grams), the mandatory minimum penalty was ten years and a $200,000 fine, and the maximum was thirty years and a $1,000,000 fine. OCGA § 16-13-31 (a) (1) (A) and (g). The State's attorney misstated the penalty for this offense, and the court imposed life imprisonment, to run concurrent with the other two life sentences. The court had no choice but to impose this punishment because the State had served notice of its intent to seek recidivist punishment based on two specified prior

drug convictions and insisted on the same at the sentencing hearing.

Yet there was no mention of the mandatory nature of this punishment at the plea-taking several months earlier. Instead the State advised of minimums and maximums, and before the court accepted the plea, it discussed the minimums and maximums and assured that defendant understood that he could "wind up [with] life plus 60 years" in total. The court even stated it was in the court's discretion. The court then obtained from Johnson some personal background information, as though to consider that in determining an appropriate sentence. At the time of sentencing, the court still understood it had discretion, until the State showed otherwise by way of OCGA § 16-13-30 (d).

The whole purpose of delaying sentencing, after the plea was accepted, was to allow defendant time to provide helpful information to law enforcement with regard to the drug trade. His counsel had actually spoken with a particular agent to arrange this, and Johnson indicated he would talk as soon as the agent came to the jail. The State had stated at the outset of the plea hearing that it had told defense counsel it would recommend ten years to serve.

Nowhere in the record is there any mention that if Johnson did not cooperate to the satisfaction of the State so that it would withdraw its intent to seek recidivist punishment, the court would have no discretion to sentence him to less than life imprisonment. Nowhere in the record is there any mention of a mandatory sentence of life imprisonment. Nowhere in the record does the State indicate it will withdraw the notice of intent to seek recidivist punishment if Johnson provides helpful information to law enforcement officers. Nowhere in the record is there any indication that counsel advised defendant of these consequences before he entered his plea of guilty or even before he was sentenced later. To the contrary, the reason for waiting was to give Johnson an opportunity to cooperate so the judge might consider such action as a mitigating circumstance in arriving at an appropriate sentence (which would require withdrawal of the State's notice of intent).

A guilty plea must be knowing and voluntary. *Brady v. United States*, 397 U. S. 742 (90 SC 1463, 25 LE2d 747) (1970). It must be made with defendant's full knowledge of the consequences. Id. at 748; *Boykin v. Alabama*, 395 U. S. 238, 241-242 (89 SC 1709, 23 LE2d 274) (1969); *United States v. Ammirato*, 670 F2d 552, 555 (5th Cir. 1982). Anything less than an affirmative showing that it was made intelligently and voluntarily amounts to plain error. *Boykin v. Alabama*, supra. The protections set forth in *Boykin* require that an accused have information about the range of punishment he faces. *Pardue v. Burton*, 26 F3d 1093, 1096 (11th Cir. 1994).

We cannot presume that counsel advised his client of the mean-

ing and effect of the plea, despite what *Brown v. State*, 216 Ga. App. 312, 313 (1) (454 SE2d 596) (1995), and *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990), say. Those cases hold that "'when the hearing record affirmatively reflects that a defendant has consulted with counsel regarding his guilty plea, and on appeal an ineffective assistance of counsel claim is not timely asserted in regard to the plea, it may be presumed (subject to rebuttal) that counsel has adequately advised (the) client regarding the meaning and effect of the subsequently offered plea. . . .'" *Brown*, supra at 313-314, citing *Scurry*, supra at 166.

The presumption cannot be indulged, just as the presumption in favor of the validity of a sentence vanished with *Boykin*, as recognized in *Purvis v. Connell*, 227 Ga. 764, 767 (182 SE2d 892) (1971). In *Goodman v. Davis*, 249 Ga. 11, 13 (1) (287 SE2d 26) (1982), the Supreme Court of Georgia interpreted *Boykin* "as requiring that there be a record of the guilty plea hearing adequate for the reviewing court to determine whether . . . (3) [the defendant had] an understanding of the consequences of his plea." That is absent here. Compare *Wood v. State*, 190 Ga. App. 179 (378 SE2d 520) (1989), where the record affirmatively showed that defendant's counsel satisfactorily explained to defendant the consequences of his plea before it was entered. USCR 33.8 (C) requires the court itself to inform the defendant on the record of the sentencing consequences of the plea, before accepting it.

Even if the suggested presumption could substitute for a silent record and supply the necessary assurance of a knowing and intelligent plea, the presumption cannot survive in this case. Everything that occurred showed that Johnson was not informed that, even if he cooperated with law enforcement, he would face sentences of mandatory life imprisonment unless the State was sufficiently satisfied with his efforts so as to withdraw its intent to seek recidivist punishment. This is culminated by Johnson's appearance at sentencing, with counsel, without this having been accomplished and without withdrawing the guilty plea, as was his right under OCGA § 17-7-93 (b).

The judgment based on the defective guilty plea cannot stand.

2. As to Johnson's first enumeration of error, the prosecutor's statement represented a sufficient factual basis to comply with USCR 33.9. His third enumeration is not reached because his claim of ineffective assistance of counsel is first raised here. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996); *Glover v. State*, 266 Ga. 183 (465 SE2d 659) (1996).

*Judgment reversed. Birdsong, P. J., Smith and Ruffin, JJ., concur. Andrews, C. J., McMurray, P. J., and Eldridge, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent since I believe defendant was adequately advised of the consequences "of entering a non-negotiated plea of guilty to a second possession with intent to distribute and a second sale of cocaine." The transcript shows that the trial court was initially unaware that the prosecutor had served notice upon defendant of intent to seek enhanced punishments based upon defendant's prior convictions of similar offenses. Thus, while initially informing defendant of the possible sentence, reference was made to the minimum sentences applicable to first offenders. Nonetheless, the life sentence for second offenses pursuant to the then applicable version of OCGA § 16-13-30 (d) was also stated. Defendant was correctly informed of the consequences of his plea and was well aware that any possibility of a reduction in sentence was contingent upon his making a bargain and providing cooperation to the State, a goal which was not accomplished by defendant.

The record affirmatively shows that the substantive requirements of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) concerning the defendant's guilty plea were met. Additionally, defendant consulted with counsel regarding his case, so that it may be presumed, following rejection of defendant's claims of ineffective assistance of counsel, that counsel in fulfilling his role in the adversary process has rendered adequate assistance to defendant including advising his client regarding the meaning and effect of the plea subsequently entered. In this regard I note, contrary to the assertion contained in the majority opinion, that there is no procedural requirement that the trial judge personally make the inquiry required under USCR 33.8 (C), which pursuant to the provisions of the rule may be developed by questions from the judge, the district attorney or defense counsel, or a combination of any of these. Although the trial court did not specifically address each issue found in USCR 33.8, I would find the determination of voluntariness clearly supported by the record. *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235); *Brown v. State*, 216 Ga. App. 312, 313 (1) (454 SE2d 596).

In my view, the majority imposes an unrealistic goal upon the trial court, to serve virtually as the counselor of any person submitting a guilty plea. The trial court's duty included determining whether defendant had an understanding of the consequences of his plea. Having observed defendant being informed that a life sentence would be imposed for second offenses of the crimes with which he was charged, the trial court was authorized to conclude that defendant understood that information. The trial court's duty did not extend to counseling the defendant by speculating concerning the consequences of uncertain future contingencies.

I am authorized to state that Chief Judge Andrews and Judge Eldridge join in this dissent.

DECIDED JULY 16, 1997.

*Megan C. DeVorsey*, for appellant.
*Lewis R. Slaton, District Attorney, Leigh A. DuPre, Carl P. Greenberg, Assistant District Attorneys*, for appellee.