## A00A1924. ROPER v. THE STATE.
### (541 SE2d 130)

MILLER, Judge.

With the assistance of counsel, Jacob Roper pled nolo contendere to a single-count indictment charging him with aggravated assault by cutting the neck of Ron Graham with a knife and was granted first offender treatment. This judgment expressly provides that "no judgment of guilt be imposed at this time but that further proceedings are deferred and [that Roper] is . . . sentenced to confinement for a period of 12 Years to Serve. . . ." New counsel filed a timely notice of appeal[1] from the ostensible "judgment of conviction," enumerating the failure of the trial court to make a determination on the record that the plea was voluntary and accurate as required by Uniform Superior Court Rules 33.7 and 33.9 respectively. We affirm.

Two hearings were conducted regarding Roper's plea. On March 24, 1999, Roper's counsel stipulated that the evidence would be sufficient beyond a reasonable doubt to establish that Roper cut Graham with a knife as alleged in the indictment. After investigating the case and discussing possible defenses with Roper, defense counsel was able to negotiate the State's nonobjection to Roper's nolo contendere plea and the State's nonobjection to first offender treatment for such a violent crime, but with no negotiated sentence except that the State's sentencing recommendation would not exceed 12 years.

Roper was sworn, and the trial court personally examined him, determining that: Roper was the party charged in the indictment; Roper had never been confined in a mental hospital; he "can't read too good," but can write some; and with the assistance of counsel, Roper had truthfully completed and signed the plea sheet while not under the influence of alcohol, drugs, or any medication. Roper affirmed he understood first offender status, including that if he violated some law during the sentence period, first offender status could be revoked and a longer sentence imposed. Specifically, the trial

---

[1] Although Roper subsequently moved pro se to withdraw his plea, there is no ruling of record on this motion and no enumeration of error predicated thereon in the brief submitted by counsel. See *Staples v. State*, 209 Ga. App. 802, 806-807 (10) (434 SE2d 757) (1993) (non-lawyer has no constitutional right to simultaneous representation by counsel and self-representation). Accord *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995) (pro se filings of inmate represented by counsel given no legal effect whatsoever).

judge twice informed Roper that aggravated assault carries a penalty of one to twenty years, and Roper confirmed he understood this. The court informed Roper that as far as the court was concerned, unless some new information came to light, he would be treated as a first offender. The trial court then personally explained to Roper the rights he would waive by entering this plea, and Roper confirmed he understood those rights. The court further restated the terms, both negotiated and open-ended, of the plea arrangement and confirmed that the nonnegotiated sentence period would not exceed 12 years, at which point Roper entered his plea of nolo contendere.

At a subsequent hearing for the imposition of sentence, the victim, Graham, testified that Roper cut him in the neck with a knife after accusing Graham of informing their mutual employer that Roper was smoking marijuana on the job. Roper chased Graham "hollering I'll kill you, I'll cut your head off." Graham's jugular vein required stitches. Graham had done nothing to provoke the fight and denied any racial animus. Graham's face is scarred and remains somewhat numb. Roper took the stand and testified that he thought he was provoked but understood that he nevertheless was not justified in cutting Graham.

1. The provisions of USCR 33 are mandatory in this State.[2] USCR 33.7 admonishes the trial judge not to accept a plea of guilty or nolo contendere "without first determining, on the record, that the plea is voluntary." In so doing, if the prosecutor has agreed to seek charge or sentencing leniency which must be approved by the judge, "the judge must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the judge."[3] And USCR 33.9 directs that, despite acceptance of a guilty plea, no judgment should be entered thereon "without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."

But ritualistic compliance with all the requirements of such rules is not necessary where the record demonstrates that the core considerations,[4] i.e., the substantive elements of *Boykin v. Alabama*[5] concerning the defendant's guilty or nolo contendere plea, are met.[6] Consequently, a proven violation of USCR 33 must be tested for

---

[2] *State v. Evans*, 265 Ga. 332, 334 (1) (454 SE2d 468) (1995).

[3] USCR 33.7.

[4] *Goodman v. Davis*, 249 Ga. 11, 14-15, fn. 2 (287 SE2d 26) (1982).

[5] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[6] *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980). Accord *McLendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986) (judgments of conviction for murder and aggravated battery entered on guilty pleas affirmed, although trial court did not specifically address each issue itemized in USCR 33.7, 33.8, and 33.9, where the voluntariness of those guilty pleas was clearly supported by the record).

harm to prevent a manifest injustice.[7]

(a) Roper first argues the trial court never advised him that the recommendations of the prosecutor are not binding on the court. In our view, however, this advice is established by the fact that the judge informed Roper that, while his sentence was not agreed to and *had not been decided*, it nevertheless would not exceed the greatest period requested by the State.

(b) The fact that Roper "can't read too good" does not establish that his negotiated nolo contendere plea and first offender treatment entered into with the assistance of counsel[8] were involuntary since Roper orally affirmed that he understood the nature of the charge, the possible 20-year sentence, and the conditions of probation as a first offender.[9]

(c) Although the trial judge never stated for the record its conclusion that Roper's nolo contendere plea was voluntarily and intelligently made with an understanding of the charges and possible sentence, that determination is implicit in the court's acceptance of his plea after personal examination of Roper and counsel in open court and is further manifest on the records of the two plea hearings.[10] The trial court did not err in accepting Roper's nolo contendere plea.

2. The factual basis for Roper's plea was established by the stipulation to the sufficiency of the evidence to support the allegations of the indictment entered in open court, and by the testimony of the victim and by Roper as well, at the sentencing hearing. The trial court met the conditions of USCR 33.9.[11]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 25, 2000.

*Jack B. Williamson, Jr.*, for appellant.
*R. Joseph Martin III, District Attorney, Tony A. May, Barclay Black, Assistant District Attorneys*, for appellee.

---

[7] *State v. Evans*, supra, 265 Ga. at 335 (3), fn. 2 and accompanying text.

[8] See *Brown v. State*, 216 Ga. App. 312, 313 (1) (454 SE2d 596) (1995) (counsel presumed to fulfill professional role during entry of guilty plea).

[9] *Huff v. Barnett*, 230 Ga. 446 (197 SE2d 345) (1973).

[10] Cf. *Paino v. State*, 209 Ga. App. 87 (432 SE2d 599) (1993).

[11] *Brown v. State*, supra, 216 Ga. App. at 315 (2). Accord *State v. Evans*, supra, 265 Ga. at 334-335 (2).