## A00A2481. NAVARRO v. THE STATE.
(545 SE2d 53)

PHIPPS, Judge.

Carlos Navarro pled guilty to burglary and was sentenced in accordance with a joint recommendation from the defense and the prosecution. He now challenges the validity of his plea, contending that the trial court committed reversible error by failing to advise him of his constitutional right to remain silent and not to incriminate himself. We affirm because we find adequate evidence in the record that Navarro was advised of all of his relevant rights.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered intelligently and voluntarily, with an understanding of the nature of the charges against him and the consequences of the plea.[1] The State may meet its burden in two ways:

> (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that affirmatively

---

[1] *McFadden v. State*, 243 Ga. App. 896, 898 (1) (534 SE2d 566) (2000); *Parks v. State*, 223 Ga. App. 694, 695 (479 SE2d 3) (1996).

shows that the guilty plea was knowing and voluntary.[2]

In *Boykin v. Alabama*,[3] the United States Supreme Court specifically enumerated the constitutional rights to a jury trial, to confrontation of one's accusers, and against self-incrimination as rights which may not be presumed from a silent record to have been waived.[4] Uniform Superior Court Rule 33.8 (B) requires a trial judge, before accepting a guilty plea, to inform the defendant that by pleading guilty he waives these and certain other rights.

However, this court has held that " '[s]o long as the substantive requirements of *Boykin*[5] concerning the defendant's guilty plea are met, there is no procedural requirement that the trial judge personally make all the inquiries established by (Uniform Superior Court Rules) 33.7 through 33.9. [Cit.]' "[6] Moreover:

> " 'when the hearing record affirmatively reflects that a defendant has consulted with trial counsel regarding his guilty plea, and on appeal an ineffective assistance of counsel claim is not timely asserted in regard to the plea, it may be presumed (subject to rebuttal) that counsel has adequately advised (the) client regarding the meaning and effect of the subsequently offered plea. And such consultation constitutes an additional factor which may be considered in determining plea validity.' "[7]

The court elicited from Navarro that he was represented by counsel, that his counsel had gone over the case with him and had given him an opportunity to talk about the case, that his counsel had explained his rights and responsibilities to him, that his counsel had done everything that Navarro thought he should have done, and that Navarro was completely satisfied with his counsel's services.

Navarro also responded that he had no question about his rights or responsibilities, that he was entering his plea freely and voluntarily, and that no promises, force, or threats had been used to induce

---

[2] (Citation omitted.) *McFadden*, supra.

[3] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[4] Id. at 242-243; see also *Parks*, supra.

[5] Supra.

[6] *Graham v. State*, 236 Ga. App. 673, 678 (4) (b) (512 SE2d 921) (1999) (quoting *Brown v. State*, 216 Ga. App. 312, 313-314 (1) (454 SE2d 596) (1995)).

[7] Id.; *Scurry v. State*, 194 Ga. App. 165, 166 (390 SE2d 255) (1990); but see *Johnson v. State*, 227 Ga. App. 390 (1) (489 SE2d 138) (1997) (no presumption where court misinformed defendant about the maximum sentence and erroneously indicated that it had discretion in sentencing him); *Watt v. State*, 204 Ga. App. 839 (1) (420 SE2d 769) (1992) (no presumption where record silent regarding advice given by counsel and appellant challenged effectiveness of his counsel).

him to plead guilty. On appeal, Navarro has neither raised a claim of ineffective assistance of counsel nor alleged that his attorney failed to advise him of any of his rights.

Moreover, the record shows that the court advised Navarro that he had the right to a trial by jury, that his attorney could bring in witnesses to testify for him, that his attorney could question witnesses who testified against him, and that he was protected by a presumption of innocence that would last until it was overcome by proof beyond a reasonable doubt. Navarro stated that he understood those rights. On this record, we find that the substantive requirements of *Boykin* concerning defendant's guilty plea were met. We find sufficient evidence that Navarro was advised of his rights, including his right not to be compelled to incriminate himself.

Navarro relies upon *Vanvelsor v. State*[8] and *Parks v. State*.[9] We find that each case is distinguishable. The advice the court gave to Navarro was far more extensive than that given in *Vanvelsor*, and there was no indication in *Vanvelsor* that the defendant's attorney had discussed her constitutional rights with her.

Likewise, in *Parks*, there was no evidence that the defendant had been advised of the constitutional rights he was waiving. The record showed only that the defendant, who was absent when the plea was entered, had signed a power of attorney authorizing his lawyer to enter a plea of not guilty, guilty, or nolo contendere.

Because we find this record sufficient to show that Navarro was adequately informed of all his relevant constitutional rights and that his plea of guilty was intelligently and voluntarily entered, we affirm the judgment of conviction against him.[10] However, we strongly urge trial judges to explicitly inform defendants, on the record, of each right which would be waived by pleading guilty, as listed in Rule 33.8 of the Uniform Superior Court Rules.[11] "This reasonable practice will enhance the efficiency and integrity of our criminal justice system."[12]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 23, 2001.

*Ronald L. Beckstrom, John D. Holt,* for appellant.

---

[8] 162 Ga. App. 467 (291 SE2d 772) (1982).
[9] Supra.
[10] See *Scurry*, supra; *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986).
[11] *Scurry*, supra at 167.
[12] Id.

*J. David Miller, District Attorney, Melanie J. Brogden, Bradfield M. Shealy, Robert D. Jewell, Assistant District Attorneys,* for appellee.