A06A0761. LEE v. THE STATE.
(627 SE2d 901)

JOHNSON, Presiding Judge.

On March 17, 2000, Johnny Scott Lee pled guilty to robbery by force, aggravated assault, theft by taking a motor vehicle, two counts of armed robbery, two counts of kidnapping, and three counts of burglary. The trial court merged several of the offenses into others and imposed various concurrent sentences that amount to a sentence of twelve years in confinement, followed by eight years on probation.

Approximately 11 months after entering his guilty plea, Lee filed a motion to withdraw it, which the trial court denied on February 23, 2001. More than three-and-a-half years after that, on November 30, 2004, Lee filed a motion for an out-of-time appeal, and the trial court granted that motion. Lee now appeals from his guilty plea.

---

1. Lee complains that his guilty plea was not entered freely and voluntarily because he was not informed, as required by Uniform Superior Court Rule 33.8, that by pleading guilty he would waive his right to assistance of counsel at trial. The complaint is without merit.

It is true that USCR 33.8 (B) provides that a judge should not accept a guilty plea without first informing the defendant that by pleading guilty he waives the right to a jury trial, the presumption of innocence, the right to confront witnesses against him, the right to subpoena witnesses, the right to testify and offer other evidence, the right not to incriminate himself and the right to assistance of counsel during trial.[1] But in reviewing the validity of a guilty plea, the question is not whether the judge followed the letter of USCR 33.8; rather, the question is whether the record, as a whole, affirmatively shows that the defendant's plea was knowing and voluntary.[2]

In the instant case, the record shows that the trial court appointed counsel to represent Lee because he could not afford to hire an attorney for his defense, and the appointed attorney filed his entry of appearance on January 5, 2000. According to the attorney's uncontradicted testimony, he was unambiguously appointed to represent Lee all the way through trial, and he and Lee were indeed preparing the case for trial prior to the guilty plea. In getting ready for trial, the attorney and Lee met on a number of occasions and discussed the evidence, witness statements, possible motions to exclude evidence, and trial strategy. During their trial preparations, the state offered a plea deal, which Lee rejected. When the state later offered a better deal, Lee accepted it and decided to plead guilty.

Before entering his guilty plea almost two-and-a-half months after the appointment of his trial counsel, Lee completed and signed a petition in which he swore that he understood the charges, that he had had enough time to talk with his lawyer about the case, that he had fully discussed the case and all the facts and evidence with his lawyer, and that his lawyer had advised him of possible defenses. He also swore in the petition that he understood that if he exercised his right to plead not guilty then he would have the right to a speedy trial by jury, the right to confront witnesses called against him at trial, the right to subpoena witnesses on his own behalf, the right to either testify or not testify at trial, and the right to be presumed innocent. Lee further acknowledged that he understood that by pleading guilty he was waiving all those rights, that he was giving his plea freely and voluntarily, that he was satisfied with his lawyer's representation in

---

[1] *Thompson v. State*, 240 Ga. App. 539, 540 (4) (524 SE2d 239) (1999).

[2] Id. at 541 (4); *Stephens v. State*, 235 Ga. App. 756, 758 (510 SE2d 575) (1998).

the case, and that there was no other information or advice that he wanted before entering his guilty plea.

Lee's attorney also signed the guilty plea petition, certifying that he had fully explained all the charges to Lee, that he had discussed with Lee all the elements that the state must prove and the defenses available to the charges, that he had explained to Lee the consequences of a guilty plea, and that he did not know of any reason why the court should not accept the plea.

Lee is correct in noting that neither the signed petition nor the trial judge during the plea hearing explicitly stated that by pleading guilty he would waive the right to assistance of counsel during trial. However, under the circumstances, we find it wholly implausible to suggest that Lee did not understand that his attorney would have represented him throughout a trial, and that by entering his guilty plea he was giving up that representation. It is apparent from the record that he and his lawyer were actively preparing for trial — discussing the evidence, possible defenses and trial strategy. As Lee's attorney testified without contradiction, "I don't think there was any question in his mind that I would be representing him during trial."

Likewise, we find that there is no question from the record that Lee knew that by pleading guilty he was waiving his right to that trial at which his attorney would have assisted him. Because the record affirmatively shows that Lee's guilty plea was knowing and voluntary, the trial court did not err in refusing to allow him to withdraw the plea.[3]

2. Lee claims his guilty plea should be set aside because his trial counsel was ineffective in that he failed to advise him of his right to appeal from the guilty plea. The claim is without merit.

"[A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record."[4] In the instant case, Lee has not identified any issue that his trial attorney should have told him he could raise in a direct appeal because it could be resolved by facts appearing in the record.

Nevertheless, even if we assume for the sake of argument that Lee is referring to the issue discussed above in Division 1 and that Lee's attorney was deficient in failing to inform Lee that he was

---

[3] See *Navarro v. State*, 247 Ga. App. 645, 646-647 (545 SE2d 53) (2001); *Scurry v. State*, 194 Ga. App. 165, 166-167 (390 SE2d 255) (1990).

[4] (Citation and punctuation omitted.) *Shumake v. State*, 257 Ga. App. 209 (1) (570 SE2d 648) (2002).

entitled to a direct appeal in order to raise that issue, Lee still has not shown that his guilty plea should be set aside due to ineffective assistance of counsel.

> All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance. In order to show a constitutional violation of this Sixth Amendment right, [a defendant] must (1) establish that his counsel's performance fell outside the range of competence for attorneys in criminal cases and (2) establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[5]

Lee has not even alleged, let alone established, a reasonable probability that, but for counsel's purported error in failing to advise him of a possible appeal right, he would not have pled guilty and would have insisted on going to trial. Lee has cited no evidence that he would have proceeded to trial but for counsel's alleged error, and his entire argument in support of his ineffective assistance claim consists of two sentences, which are nothing more than conclusory statements that his counsel was ineffective. Because Lee has not made the required showing that he would not have pled guilty but for counsel's purported deficient performance, his claim of ineffective assistance of counsel provides no basis for setting aside his guilty plea.[6]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 3, 2006.

*David Burroughs*, for appellant.
*Lee Darragh, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.

---

[5] (Citation and punctuation omitted.) *State v. Sabillon*, 280 Ga. 1, 2 (622 SE2d 846) (2006).
[6] Id. at 3-4.