## A10A1251. TEEMER v. THE STATE.
### (697 SE2d 919)

MIKELL, Judge.

Melvin Eugene Teemer appeals the order denying his pro se motion to withdraw his negotiated guilty plea to one count of aggravated sodomy. Teemer contends that the trial court manifestly abused its discretion in denying his motion because the state failed to show that he understood the nature of the charge against him and the consequences of his plea. We disagree and affirm.

> Once a defendant challenges the validity of his guilty plea, the burden falls on the [s]tate to show that the defendant intelligently and voluntarily entered the plea. The query is whether the defendant freely and voluntarily entered the plea with an understanding of (i) the charges against him and (ii) the consequences of his plea. The [s]tate may meet its burden through use of the transcript of the guilty plea hearing or through use of extrinsic evidence. We will not disturb the trial court's ruling on the question absent a manifest abuse of discretion.[1]

"The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice."[2] "If evidence supports the trial court's findings, we must affirm."[3]

The record in the case at bar shows that before entering his plea, Teemer signed a written Advice and Waiver of Rights ("waiver form"), on which he responded "yes" to the question, "Do you fully understand what you are charged with in this case?" The charge, aggravated sodomy, was then stated on the waiver form. It also listed the various rights Teemer was waiving by pleading guilty, and he indicated that he understood that he was waiving those rights. Teemer further indicated that his attorney had fully explained to him the maximum possible sentence, including any enhanced or

---

[1] (Citations omitted.) *David v. State*, 279 Ga. App. 582, 584 (631 SE2d 714) (2006).

[2] (Citation omitted.) *Rocha v. State*, 287 Ga. App. 446, 449 (2) (651 SE2d 781) (2007) (whole court).

[3] (Citation omitted.) *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006).

mandatory minimum sentences that applied,[4] as well as the fact that he could be imprisoned for as much as 20 years if he pled guilty. Teemer acknowledged that he was not mentally disabled or under the influence of drugs, alcohol, or medication, and that his attorney had reviewed and fully explained the Plea and Sentence Recommendation ("plea sheet"), which he also signed.

By signing the plea sheet, Teemer indicated that he understood that he had been charged with aggravated sodomy and attempted rape; that in exchange for his guilty plea to aggravated sodomy, an order of nolle prosequi would be entered on the attempted rape charge; and that his total sentence would be twenty years, with ten to serve in prison and ten on probation. The plea sheet stated that the prison term would be served concurrently with the remainder of his probation for an unspecified offense, which was being revoked. Teemer also agreed to "provide truthful testimony about what his co-defendant did."

At the plea hearing, the prosecutor explained the factual basis for the plea. She stated that Teemer was indicted as a party to the crime, working in concert with an unknown person who met the victim

at a place called the Mud Puddle, and they spoke for a while. . . . He said . . . maybe they could go over to a friend's place and get to know each other better. They went to the electrical repair shop . . . where Mr. Teemer was spending the night. And when his co-defendant . . . went into the electrical shop, [the victim] went in behind him, and he put something in front of the door that prevented her from escaping. And she was raped and sodomized and beaten . . . from her feet to her head. During that assault, Mr. Teemer came upon the scene. . . . And the co-defendant asked did he want to participate. . . . [The victim] told us that Mr. Teemer was able to get his penis and stick it in her mouth, . . . and that he also tried to insert himself into her vagina, but . . . he had trouble making an erection, so that was never completed.

The prosecutor informed the court that as part of the negotiated plea, the state was asking that Teemer provide truthful testimony concerning the co-defendant.

Thereafter, the trial court questioned Teemer, ascertaining that his attorney had reviewed with him all of his legal rights, that he

---

[4] When Teemer entered the plea on May 10, 2004, the mandatory minimum prison sentence for aggravated sodomy was ten years. See OCGA § 17-10-6.1 (a) (6), (b) (2004).

understood those rights, was entering the plea freely and voluntarily, and had not been influenced by any promise or threat. Teemer testified that his attorney had answered his questions to his satisfaction. He declined the opportunity to ask the trial judge questions about his legal rights. Teemer stated that he intended to plead guilty to aggravated sodomy and to stipulate to violating his probation in exchange for the state's agreement to dismiss the attempted rape charge. The trial court explained to Teemer the terms of his probation and the consequences of any violation thereof. Finally, the trial court asked Teemer whether he had any questions, and he replied, "No, sir." The court found that Teemer had made a knowing and intelligent waiver of his rights, had entered a voluntary guilty plea to aggravated sodomy, and had stipulated to a violation of his existing probation. The trial court entered sentence in accordance with the negotiated plea. Teemer then identified his co-defendant. The hearing concluded after the trial court informed Teemer of his right to sentence review. Teemer also entered a written guilty plea.

Teemer timely filed a pro se motion to withdraw his plea on June 8, 2004. The hearing on the motion was not held until November 2, 2009. At that hearing, Teemer testified that he met with his attorney three times before taking the plea, but counsel never explained the elements of aggravated sodomy or that he would be required to serve the entire ten years;[5] that counsel told him to just "agree with" the judge and "get it over with"; that counsel told him what to say during the plea hearing; and that Teemer kept telling his attorney that he was innocent, but counsel "just want[ed] to get things settled the easy way." Teemer admitted signing the plea sheet and the waiver form but claimed that he was "doing what my attorney advised me."

Teemer's plea counsel testified that, although he had no independent recollection of his former client, his practice in each case is to give copies of all the evidence to his client, read both the plea sheet and the waiver forms to him or her, review each and every question in both forms, and review the state's recommended sentence. Counsel testified that he never forced Teemer to sign the forms and that counsel would have gone forward with a jury trial had Teemer desired to do so.

In its order denying the motion, the trial court expressly found

---

[5] See OCGA § 17-10-6.1 (c) (3) (2004):

Any sentence imposed for the first conviction of any serious violent felony [including aggravated sodomy as listed in subsection (a) (6)] other than a sentence of life imprisonment or life without parole or death shall be served in its entirety as imposed by the sentencing court and shall not be reduced by any form of parole or early release.

that Teemer's testimony was incredible and that he understood the charge against him and the consequences of his plea, as explained by his attorney. The trial court, which sat as the finder of fact for the purpose of the withdrawal hearing, was entitled to disbelieve Teemer.[6] Given Teemer's affirmative response to the question on the waiver form that he fully understood what he was charged with; namely, aggravated sodomy, and his attorney's testimony that he reviewed that question with Teemer, the state carried its burden of showing that Teemer understood the nature of the charge against him. "It may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."[7]

Teemer additionally contends that the state failed to show that he was aware of the consequences of his plea because he was not advised on the record that he would serve his ten-year prison term without the possibility of parole.[8] This argument fails, because our Supreme Court has held that

> eligibility or ineligibility for parole is not a consequence of a plea of guilty, but a matter of legislative grace or a conse-quence of the withholding of legislative grace. . . . There is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid.[9]

Indeed, this Court has held that

> [p]arole eligibility may be a factor which the defendant should consider in bargaining for a recommended sentence, but the trial court is entitled to presume that a defendant has apprised himself of such collateral consequences before agreeing to accept a certain sentence in exchange for his guilty plea.[10]

In any event, Teemer admitted at the withdrawal hearing that he

---

[6] See *Lawton v. State*, 285 Ga. App. 45, 47 (645 SE2d 571) (2007).

[7] (Citations and punctuation omitted.) *Mock v. State*, 218 Ga. App. 514, 517 (2) (462 SE2d 429) (1995); accord *Umbehaum v. State*, 251 Ga. App. 471, 472 (1) (554 SE2d 608) (2001). Compare *McKibben v. State*, 212 Ga. App. 866, 867 (443 SE2d 640) (1994) (where nothing in record reflected defendant's actual understanding of the nature of the charges against him, withdrawal of guilty plea was necessary).

[8] See OCGA § 17-10-6.1 (b), (c) (3) (2004).

[9] (Citations and punctuation omitted.) *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999) (citing OCGA § 17-10-6.1 (c) (3)).

[10] (Citation and punctuation omitted.) *Bess v. State*, 235 Ga. App. 372, 373 (1) (508 SE2d 664) (1998).

signed the waiver form, indicating that his attorney had fully explained to him the maximum possible sentence, including any enhanced or mandatory minimum sentences that applied. Finally, where, as here, a defendant enters a negotiated guilty plea and receives the sentence for which he bargained, he cannot reasonably claim that he was unaware of the consequences of entering the negotiated guilty plea.[11] The state thus carried its burden of proving that Teemer understood the consequences of his plea. The trial court did not manifestly abuse its discretion in concluding that Teemer knowingly, intelligently, and voluntarily entered the plea.[12]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

## DECIDED JULY 7, 2010.

*Kevin C. Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.

---

[11] See id.; accord *Rocha*, supra at 450-451 (2) (b).

[12] See *Rocha*, supra at 451 (2) (b) (record as a whole affirmatively showed plea was knowing and voluntary); *David*, supra (same); *Mock*, supra at 516-517 (1) (same).