163 Ga. App. 543 (1982)
295 S.E.2d 214
HOUGE
v.
THE STATE.
64383.
Court of Appeals of Georgia.
Decided September 15, 1982.
Joseph M. Todd, for appellant.
E. Byron Smith, District Attorney, for appellee.
POPE, Judge.
Michael Hogue was indicted for the crime of burglary. He initially pleaded not guilty, but changed the plea to guilty at trial. He later moved for withdrawal of the guilty plea and it is the denial of that motion which he appeals here.
1. Immediately after the jury was impaneled for appellant's trial below, appellant's counsel indicated to the court that appellant desired to change his plea to guilty. The court asked appellant if he wanted to change his plea. He said he did. The court then asked him if he was guilty and he said he was. The court the asked appellant to recite the details of the crime which he did.
The court proceeded to ask a number of questions to determine if the plea was being given freely and voluntarily. The court asked appellant if he understood that he could be sentenced to as much as twenty years. Appellant stated he understood. The court then asked, "Are you pleading guilty voluntarily?" Appellant said yes. After explaining to appellant his rights and those waived by the guilty plea *544 and being assured appellant understood, the court asked, "Are you under the influence of any drugs or alcohol this morning?" Appellant said he was not. The court then asked appellant. "Has anyone promised you anything to get you to plead guilty?" He answered no. The court asked, "Has anybody threatened you in any way to get you to plead guilty?" He answered no.
The court followed these questions with others concerning if appellant had discussed the plea with his counsel and if he was satisfied with the advice given by counsel. After favorable responses by appellant, the court asked defense counsel if there was any reason why the plea should not be accepted. Counsel said he knew of none and then insured that the court knew the pleas was predicated on the state's fulfilling its promise to recommend a five-year sentence. The court, in turn, made sure that appellant was aware of this bargain.
Finally, after a dialogue concerning appellant's prior record, the court stated, "One more thing I want to mention before the court imposes sentence in this case. I am aware that the state had some discussions with your lawyer a few minutes ago. And I want to make sure before the court imposes sentence that you are entering your plea of guilty because you are guilty and because that is what you want to do. I don't want you to go away from here with the feeling anybody in any way coerced you into doing this."
Two months later appellant filed his motion to withdraw the guilty plea. At the motion hearing appellant asserted that his plea was induced by the district attorney's threat that he would see appellant get twenty years if he did not plead guilty. We have no difficulty in affirming the trial court's rejection of this assertion because it is utterly without support in the record and indeed is directly in conflict with it. "When a defendant denies on the record that anyone induced his plea, he will not later be heard to claim that someone did induce it." Barksdale v. Ricketts, 233 Ga. 60, 61 (209 SE2d 631) (1974); Browning v. State, 150 Ga. App. 712 (259 SE2d 136) (1979). Moreover, appellant's unsubstantiated claim was contradicted at the hearing by his former counsel.
Appellant further claims that he was under the effects of the drug Percodan at the time he entered his guilty plea. Again, the claim is diametrically opposite to his express affirmations at the plea hearing and it is not substantiated by a thread of evidence. Therefore, we hold that the trial court clearly did not abuse its discretion in denying appellant's motion grounded on these two claims. See State v. Germany, 246 Ga. 455 (1) (271 SE2d 851) (1980); Conlogue v. State, 243 Ga. 141 (1) (253 SE2d 168) (1979).
2. Appellant also contends that the trial court imposed the burden upon him rather than the state to show that the plea was *545 entered intelligently and voluntarily. This contention is meritless. The state stood on the transcript of the plea hearing, quoted in part in Division, 1, supra, which was all it needed in this case to meet its burden. See Conlogue v. State, supra at (4).
Judgment affirmed. Deen, P. J., and Sognier, J., concur.