## 71077. SWINNEY v. CITY OF ATLANTA.
(338 SE2d 52)

BANKE, Chief Judge.

On August 22, 1984, the appellant was found guilty in the Traffic Court of the City of Atlanta of the misdemeanor offense of "leaving the scene of accident." See generally OCGA §§ 40-6-270; 40-6-271. On February 21, 1985, he filed a direct appeal to this court, as authorized by Ga. L. 1967, pp. 3360, 3368, § 27. The city has moved to dismiss the appeal on the ground that it was not filed within 30 days of the date the conviction was entered. In response, the appellant asserts that, although the trial judge found him guilty on August 22, 1984, his conviction was not actually filed with the clerk of the trial court until January 25, 1985. *Held:*

1. The record transmitted to this court does not in fact reveal when the conviction was filed. The defendant's assertion that the filing date was January 25, 1985, is predicated on the fact that the copy of the judgment contained in the record bears a certification signed on that date by a deputy clerk to the effect that the copy is a true and correct reproduction of the original on file with the court. Under normal circumstances, the date of such a certification obviously could not be equated with the date of filing of the original; however, in the present case, there is nothing in the record to suggest an earlier filing date. In response to a request from this court for a certification of the correct filing date, we have received from the "Director" of the "City Court of Atlanta" a certification that "the record of the City Court of Atlanta shows on the 22nd day of August, 1984, judgment was entered on" the citation upon which the appellant was found guilty. However, even assuming that the "Director" of the "City Court of Atlanta" is in fact the duly constituted clerk of the Traffic Court of the City of Atlanta, this certification amounts to nothing more than a legal conclusion which begs the question of when the judgment was *filed.*

Under the Appellate Practice Act, "it is the filing of a judgment, signed by the judge, with the clerk which starts the running of the applicable 30-day limit" for appeal. *Lewis & Sheron Enterprises v. Great A & P Tea Co.*, 136 Ga. App. 910, 910-911 (222 SE2d 659) (1975). See generally OCGA § 5-6-31. The judges of the Traffic Court of the City of Atlanta are required by law to appoint a clerk, who "shall take the same duties as like officers of the superior courts, as far as applicable to and not inconsistent with [the Act establishing such traffic courts]." Ga. L. 1967, pp. 3360, 3365, § 14.

Because the record before us does not show that the appellant's conviction was filed with the clerk of the lower court prior to the date the copy transmitted to us was certified as being true and correct, and because the notice of appeal was filed within 30 days of the latter

date, the city's motion to dismiss the appeal as untimely is denied.

2. The appellant contends that his conviction must be reversed due to the absence of any showing in the record that he waived his right to counsel.

"When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972). As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). However, "[w]aiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment. *Brewer v. Williams*, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977). Merely finding that a request for counsel was not made is insufficient to establish waiver." Id.

The "Uniform Traffic Citation Summons, Accusation" upon which the appellant was tried contains a printed acknowledgment to be signed by the accused to the effect that he has been advised of his right to be represented by counsel and to have counsel appointed to represent him in the event he is indigent. It also contains a statement to be signed by the judge to the effect that he has advised the accused of these rights. However, neither statement is signed, nor does it otherwise appear from the record that the appellant voluntarily waived his right to counsel. "When the record is silent, waiver is never presumed, and the burden is on the state to present evidence of a valid waiver." Id. The state having failed to meet that burden in the present case, it follows that the appellant's conviction must be reversed.

3. The appellant's remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. McMurray, P. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED NOVEMBER 13, 1985.

*Alan Z. Eisenstein*, for appellant.
*Louise T. Norwood, Solicitor*, for appellee.