A98A1134, A98A1135. BESS v. THE STATE (two cases).
(508 SE2d 664)

SMITH, Judge.

Appellants Renaldo and Jarrin Bess were charged by indictment with armed robbery. Each entered into a negotiated plea agreement. In accordance with the terms of the plea agreements, the trial court entered a 20-year sentence with respect to Renaldo Bess, with 15 years to be served in confinement and the remainder on probation. The court sentenced Jarrin Bess to 15 years, with ten to be served in confinement and five on probation.

Appellants challenge the acceptance of their guilty pleas without assurance by the trial court that they were advised of the minimum mandatory sentence imposed by OCGA § 17-10-6.1 (b), or that they understood the requirement that any sentence, except one of life imprisonment, life without parole, or death, imposed on a conviction of armed robbery be served in its entirety, without probation or parole. OCGA § 17-10-6.1 (c) (3). They also contend that the trial court erroneously failed to find on the record a factual basis for their

pleas. We find no error and affirm.

1. A trial court is required to advise defendants of any mandatory minimum sentence. See Uniform Superior Court Rule 33.8 (C) (3). Here, the mandatory minimum sentence was ten years to be served in confinement without probation or parole. OCGA § 17-10-6.1 (b). But under the facts of this case, the trial court's failure to advise appellants of the mandatory ten-year requirement does not reach the level of "manifest injustice" required for successfully attacking entry of a plea after sentence has been pronounced. See *State v. Evans*, 265 Ga. 332, 336 (454 SE2d 468) (1995). Because these sentences were negotiated, whether appellants *knew* about the ten-year mandatory minimum sentence is irrelevant, as each sentence as actually imposed obviously exceeded the minimum ten-year sentence imposed by OCGA § 17-10-6.1 (b). Reversal on this ground is not warranted.

In addition, the court's failure to advise appellants of the "no parole" policy codified at OCGA § 17-10-6.1 (c) (3) does not mandate reversal. Although criminal defendants are entitled to be informed of the consequences of their pleas, "[p]arole eligibility is not so much a direct consequence of a trial court's acceptance of a bargained plea of guilty, as it is a collateral legislative consequence of the defendant's own decision to accept a certain sentence in exchange for his guilty plea to a specified crime. Parole eligibility may be a factor which the defendant should consider in bargaining for a recommended sentence, but the trial court is entitled to presume that a defendant has apprised himself of such collateral consequences before agreeing to accept a certain sentence in exchange for his guilty plea." (Emphasis omitted.) *Smith v. State*, 174 Ga. App. 238, 240 (329 SE2d 507) (1985) (physical precedent only).[1] Appellants entered negotiated guilty pleas and received the sentences for which they bargained. As in *Smith*, from appellants' "point of view, the consequence of receiving the sentence to which [they] agreed can hardly be deemed unanticipated or adverse." (Emphasis omitted.) Id. at 240. This case is distinguished from *Hutchison v. State*, 230 Ga. App. 143 (495 SE2d 618) (1998), in which we concluded that trial counsel rendered ineffective assistance of counsel by failing to advise appellant of the effect of OCGA § 17-10-6.1 on his guilty plea. *Hutchison* distinguished *Smith*, supra, on the ground that no allegation was made in *Smith* that trial counsel rendered ineffective assistance. Id. at 144. Here, too, no such allegation is made, and *Smith* is controlling.

---

[1] Although *Smith* is physical precedent only because one judge on a three-judge panel concurred specially, the special concurrence supports the majority proposition in *Smith* that parole is a collateral consequence of a guilty plea. Id. at 242.

2. Appellants also contend that the trial court erroneously failed to determine whether a factual basis existed for their pleas as required by Uniform Superior Court Rule 33.9. We do not agree. During the plea hearing, the trial court concluded that a factual basis for the pleas existed, based on its recollection of the facts introduced during appellants' bond hearing. The transcript of the bond hearing includes testimony that appellants entered a Wendy's restaurant, forced the victim to lie on the floor and sing at gunpoint, and took money from the store.

The trial court was authorized to consider evidence outside of that presented at the plea hearing when determining whether a factual basis for the pleas existed. See *Evans*, supra at 335 (trial court may learn factual basis from material contained in remainder of record if plea hearing record shows portion of record relied on and relevant portion is part of record on appeal). Based on the evidence presented at the bond hearing, the court was provided with sufficient information from which to determine that a factual basis existed for appellants' guilty pleas to the charge of armed robbery. See OCGA § 16-8-41 (a).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

ON MOTION FOR RECONSIDERATION.

Appellants contend that in affirming their judgments of conviction, this Court overlooked the controlling authority of *Johnson v. State*, 227 Ga. App. 390 (489 SE2d 138) (1997). In *Johnson* we reversed the judgment entered on defendant's guilty plea, because the record did not show that he was advised of the mandatory imposition of life sentences on the charges against him. But *Johnson* is distinguished from this case in at least two respects. First, the guilty plea entered in that case was a non-negotiated plea. The plea here was negotiated, and as stated in *Smith v. State*, 174 Ga. App. 238 (329 SE2d 507) (1985), the consequence of receiving the sentences for which appellants bargained "can hardly be deemed unanticipated or adverse." Id. at 240. Second, *Johnson* does not address the issue of parole eligibility; instead, that case involves the failure of counsel to inform defendant of a mandatory minimum life sentence. As discussed in Division 1 of our opinion, the trial court's failure to advise appellants of the minimum ten-year sentence was not reversible error, because the sentences as imposed on them were negotiated and exceeded the mandatory statutory minimum sentences.

DECIDED SEPTEMBER 8, 1998 —

*James A. Yancey, Jr.*, for appellants.
Renaldo W. Bess, *pro se.*
Jarrin Bess, *pro se.*
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.