S01A1830. BLACKSHEAR v. THE STATE.
(560 SE2d 688)

FLETCHER, Chief Justice.

A jury convicted Travis Blackshear of felony murder in the

shooting death of Ronald Lynn Jones.[1] Blackshear appeals, contending that his appointed trial counsel was ineffective because he solicited and accepted a fee. Because a violation of an ethical rule does not per se establish ineffectiveness of counsel and because Blackshear has alleged and shown no prejudice, we affirm.

1. The evidence at trial showed that on the evening of May 4, 1993 Blackshear and Jones and two others were together in a rooming house and that Jones had been selling drugs to several customers. Co-defendant DeMorris Marshall arrived late in the evening and said he wanted to purchase drugs.[2] Instead of paying for the drugs, however, he grabbed a gun that was sitting on a table and threatened Jones. Jones tried to take the gun from Marshall, and as he and Jones struggled over the gun, Blackshear pulled his own gun and shot Jones in the back of the leg. When Jones turned around, Blackshear shot him twice in the chest, killing him.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Blackshear guilty of the crimes charged.[3]

2. George Snelling, who is now deceased, was appointed to represent Blackshear at trial because Blackshear was indigent and could not afford counsel. The evidence at the motion for new trial hearing established that Snelling told Blackshear that he could get him a better deal if he were paid $1,500. Blackshear's family paid Snelling $950 believing that the payment would enable Blackshear to get a negotiated plea of voluntary manslaughter. Blackshear contends that Snelling's conduct in seeking payment while he was court-appointed constitutes ineffectiveness of counsel.

We have no hesitation in concluding that court-appointed counsel's solicitation of a fee to achieve a better result violated the Georgia Code of Professional Conduct governing lawyers and would warrant disciplinary sanctions.[4] An ethics violation, however, does not

---

[1] The crimes occurred May 4, 1993. Blackshear was indicted on August 24, 1993. Following a jury trial, he was convicted on March 15, 1994 of felony murder, with aggravated assault as the underlying felony, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On May 10, 1994, the trial court sentenced him to life imprisonment on the murder charge and five years each on the possession charges. Blackshear filed a motion for new trial on May 18, 1994. Following appointment of new counsel and a hearing, the trial court denied the motion on July 8, 1996. Blackshear sought and was granted an out-of-time appeal. The notice of appeal was filed on August 28, 2001; the appeal was docketed in this Court on September 6, 2001, and was submitted for decision without oral argument on October 29, 2001.

[2] Marshall pled guilty to aggravated assault.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See 1983-84 Georgia Code of Professional Responsibility, Standards 4, 5, 30, 31, and 45 of Rule 4-102; see also 2001-02 Georgia Rules of Professional Conduct, Rules 1.5 (d) and 1.7 (a).

necessarily establish a claim of ineffectiveness of counsel under *Strickland v. Washington.*[5] The appellant must still meet *Strickland's* two-prong test of deficient performance and prejudice.[6]

This Court and other courts have recognized that in some circumstances counsel's fee arrangement may create a conflict of interest with the client and the conflict can affect the adequacy of counsel's representation.[7] Only if an actual conflict appears, however, will a court presume prejudice in analyzing a claim of ineffectiveness of counsel.[8] In this case, there has been no showing that Snelling's solicitation and receipt of a fee created an actual conflict of interest between Snelling and Blackshear "with respect to a material factual or legal issue or to a course of action."[9] Nor has any prejudice arising from the fee agreement been alleged or proven. Therefore, we conclude that the improper fee agreement does not constitute ineffectiveness of counsel.

3. Blackshear also contends that trial counsel was ineffective in failing to request a jury instruction on voluntary manslaughter. A review of the record demonstrates that there was no evidence to support a manslaughter instruction, and, therefore, trial counsel could not be ineffective for failing to request one.[10]

4. Blackshear contends that he was improperly convicted of felony murder with the underlying offense of aggravated assault when he was not indicted for or charged with aggravated assault. The indictment, however, specified aggravated assault by shooting as the underlying felony, the jury was properly instructed on its elements and on the elements of felony murder, and the evidence supported the jury's finding that Blackshear committed the offense of aggravated assault. Therefore, the fact that Blackshear was not separately indicted for aggravated assault is irrelevant.[11]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 2002.

*Barr, Warner & Pine, Karen D. Barr*, for appellant.

---

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Nix v. Whiteside*, 475 U. S. 157, 165 (106 SC 998, 89 LE2d 123) (1986).

[6] 466 U. S. at 692.

[7] See *Fogarty v. State*, 270 Ga. 609, 610-611 (513 SE2d 493) (1999); *Byrdsong v. State*, CR-99-0828, 2000 Ala. Crim. App. LEXIS 253 (Ala. Crim. App. Aug. 25, 2000); *Kohler v. Kelly*, 890 F.Supp. 207 (W.D.N.Y. 1994), aff'd, 58 F3d 58 (2d Cir. 1995); *People v. Armstrong*, 530 NE2d 567 (1988).

[8] *Culyer v. Sullivan*, 446 U. S. 335, 349 (100 SC 1708, 64 LE2d 333) (1980).

[9] *Cuyler*, 446 U. S. at 356 n. 3.

[10] See *Lakes v. State*, 266 Ga. 389, 390 (467 SE2d 566) (1996).

[11] See *State v. Jones*, 274 Ga. 287, 288 (553 SE2d 612) (2001) (Georgia felony murder law does not require that the defendant be charged and convicted of the underlying felony).

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.