A02A1909. ROSS v. THE STATE.
(576 SE2d 633)

RUFFIN, Presiding Judge.

A jury found Taiwan Ross guilty of one count of burglary and acquitted him of a second count of burglary. Ross appeals, asserting that he received ineffective assistance of trial counsel. Because we find that Ross did not timely file his notice of appeal, his appeal is dismissed.

The record shows that the jury returned its verdict on August 15, 2000, and the trial court sentenced Ross that same day. Upon

---

[7] *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000).

imposing the sentence, the trial judge informed Ross, who was repre-
sented by counsel, as follows:

> you have the right to seek post-judgment relief from your
> conviction[ ] by either making a motion for new trial in this
> court and/or filing an appeal to the appellate courts of this
> State. If you want to file a motion for new trial or an appeal,
> you'll need to file the motion or notice of appeal with the
> clerk of the Superior [Court] in this County within 30
> days. . . . If a motion for new trial is made and the Court
> denies it, you will have 30 days from the filing of the order of
> denial in which to file with the clerk your notice of appeal.

For unknown reasons, the trial court did not immediately enter a
written judgment. But on September 11, 2000, the court entered a
judgment "[n]unc pro tunc to August 15, 2000." Ross, represented by
new appellate counsel, filed a motion for new trial on September 28,
2000, and an amended motion on May 3, 2001. The trial court denied
the motion, and Ross filed his notice of appeal on December 28, 2001.

An appealing party must timely file a notice of appeal to confer
jurisdiction on this Court.[1] As a general rule, the notice must be filed
"within 30 days after entry of the appealable decision or judgment
complained of; but when a motion for new trial . . . has been filed,
the notice shall be filed within 30 days after the entry of the order
granting, overruling, or otherwise finally disposing of the motion."[2]
However, a motion for new trial will toll the time for filing the notice
of appeal only if the motion is filed "within 30 days of the entry of the
judgment on the verdict."[3]

In this case, Ross filed his motion more than 30 days after the
judgment was entered on September 11, 2000, nunc pro tunc to
August 15, 2000. The trial court entered the judgment nunc pro tunc
to record the previously unrecorded judgment which was actually
rendered on August 15, 2000. That is the essence of a nunc pro tunc
judgment — it "is an entry made now of something actually previ-
ously done to have effect of former date; . . . not to supply omitted
action, but to supply omission in the record of action really had but
omitted through inadvertence or mistake."[4] "[A] nunc pro tunc entry

---

[1] See *In the Interest of H. L. W.*, 244 Ga. App. 498 (535 SE2d 834) (2000); *Bowen v. Clay-
ton County Hosp. Auth.*, 160 Ga. App. 809, 810 (288 SE2d 232) (1982).

[2] OCGA § 5-6-38 (a).

[3] OCGA § 5-5-40 (a); *Peters v. State*, 237 Ga. App. 625 (516 SE2d 331) (1999).

[4] (Punctuation omitted.) *In the Interest of H. L. W.*, supra at 498-499. See also *Andrew
L. Parks, Inc. v. SunTrust Bank, West Ga.*, 248 Ga. App. 846, 848 (545 SE2d 31) (2001).

does not extend the statutory period for filing a notice of appeal."[5] Because Ross did not file his motion for new trial or notice of appeal within 30 days of the trial court's entry of the judgment nunc pro tunc to August 15, 2000, we do not have jurisdiction over the appeal and it is, therefore, dismissed.[6]

However, "[a] criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal."[7] Accordingly, Ross is hereby informed that his appeal has been dismissed because the motion for new trial was not timely filed. If Ross decides that he no longer wishes to appeal his conviction, he need not do anything more. However, if Ross still wishes to appeal, he may file a request for an out-of-time appeal in the trial court. If, upon Ross' application for out-of-time appeal, the trial court determines that the failure to timely file the new trial motion was due to appellate counsel's failure to perform routine duties, Ross is entitled to an out-of-time appeal.[8] The trial court should appoint another attorney for Ross if he cannot pay for one. If the trial court grants an out-of-time appeal, Ross will have 30 days from the grant in which to file a notice of appeal. If the trial court denies Ross' request for an out-of-time appeal, he may appeal that denial to this Court within 30 days of the trial court's decision. The Clerk of the Court of Appeals of Georgia is directed to send a copy of this opinion directly to Ross and to his current appellate counsel with direction that appellate counsel also send a copy of the opinion to Ross.

*Appeal dismissed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 16, 2003.

*Reginald L. Bellury*, for appellant.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.

---

[5] (Punctuation omitted.) *Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000). See also *In the Interest of H. L. W.*, supra at 498; *Bowen*, supra.
[6] See id.; *Peters*, supra.
[7] *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995).
[8] See id.