A02A2359. JONES v. THE STATE.
(581 SE2d 315)

SMITH, Chief Judge.

Cornelius Jones was convicted of four traffic misdemeanors in 1995. After his extraordinary motion for new trial was denied for his failure to appear at the hearing set on the motion, he appealed to this court. We dismissed the appeal as untimely, but we informed Jones that he could petition the trial court for leave to file an out-of-time appeal. He appeals pro se from the order of the Toombs County State Court denying his motion for leave to file an out-of-time appeal. Because we cannot say that the record shows affirmatively and sufficiently that Jones received notice of the hearing on his extraordinary motion, that he was afforded the right to counsel, or that he was made aware at trial of the dangers of proceeding pro se, we reverse the denial of his motion for leave to file an out-of-time appeal.

Jones was sentenced to twelve months in prison on three of the charges and thirty days in prison on the remaining charge, all sentences to be served consecutively. Incarcerated in federal prison on other charges, on May 17, 1999, Jones filed several motions, including the extraordinary motion for new trial in which he alleged he was forced to trial unrepresented. An order was entered setting a hearing on Jones's motion for June 2, 1999. The motion was denied after Jones failed to appear at the hearing.

Jones filed a motion for reconsideration on March 31, 2000, insisting that he had not been notified of the hearing. In support of this excuse, he attached a signed statement from a federal prison official showing that no writ was received by the institution ordering Jones produced for the hearing in Toombs County. Across the face of the motion for reconsideration is a notation in longhand dated "4-3-2000" and signed by the trial court judge, stating: "Will not consider further — This guy won't stop." Jones several times requested a status report as to whether his extraordinary motion had been received and was being acted upon. Apparently, the clerk of the trial court informed Jones that the trial court would not rule on the motion for reconsideration, and Jones filed his first, untimely appeal in this court. In our order of dismissal we informed Jones that if the trial

court denied his petition for leave to file an out-of-time appeal, he could appeal that denial. He does so here.

1. Grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision must be affirmed absent an abuse of that discretion. *Keller v. State*, 242 Ga. App. 150, 151 (529 SE2d 167) (2000). The determination of such a motion turns on "who bore the ultimate responsibility for the failure to file a timely appeal." (Citations and footnotes omitted.) *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001). Our courts have long permitted out-of-time appeals if the appellant was inadequately informed of his appeal rights. Id. The record shows that a hearing was set on Jones's extraordinary motion for new trial and that it was dismissed because Jones failed to appear. In moving for reconsideration, Jones informed the trial court of the reason for his failure to appear. His motion for leave to file an out-of-time appeal was based upon those circumstances. In his motion for leave to file an out-of-time appeal, Jones made a showing that he was pro se, that he was not notified of the hearing on his previous motion, and that no order was received by the institution in which he was incarcerated to produce him for the hearing. Those contentions are unrebutted in the record. We must conclude, therefore, that because the denial of Jones's extraordinary motion for new trial was not due to his own conduct, the denial of his motion for leave to file an appeal from the denial of that motion was an abuse of discretion. We therefore reverse the trial court's denial of Jones's motion for out-of-time appeal.

2. We now address Jones's contention that he was wrongly convicted because the trial court forced him to trial without counsel. The record in this case is sparse, and no transcript of the trial or pretrial proceedings was furnished to this court. Usually, such an omission precludes this court from considering any assertions that depend upon a review of the transcript. An exception to that general rule has developed, however, based upon the Supreme Court's decision in *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984). In *Jones*, the Supreme Court held that under *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972), regardless of whether the charges are felony or misdemeanor charges, when an accused is put on trial and faces a term of imprisonment, he is constitutionally guaranteed the right to counsel. Id. The accused may make a knowing and intelligent waiver of this right, but we may not presume such a waiver from a silent record. *Jones*, supra at 83.

The record does include an affidavit from the trial judge, in which he states:

As with all defendants' rights, Mr. Jones was afforded the right to legal representation if he qualified and could not

afford to hire his own attorney. If a defendant refuses appointed counsel or states that he will hire his own, he is then advised that when the case is called for trial, a continuance will be denied if he failed to hire an attorney or be prepared to represent himself. This has always been the court's policy while I presided as judge.

Evidence of a customary procedure may be used to establish compliance with the constitution. *Jones*, supra at 83. But this evidence must be sufficient to show that the accused's decision to proceed pro se was made knowingly and intelligently. It must reflect that the accused was warned of the dangers of proceeding without counsel and the risks of self-representation and that, despite such warnings, the defendant validly chose to proceed pro se. *Hightower v. State*, 252 Ga. App. 811, 812 (557 SE2d 434) (2001). The trial court's affidavit "does not even begin to meet the State's burden to show" a knowing and intelligent decision to proceed pro se after being warned of the risks inherent in that choice. See id. at 813. Because the State failed to satisfy its burden, the judgment of the trial court is reversed, and the case is remanded to the trial court for a new trial. *Helmer v. State*, 256 Ga. App. 717, 718 (569 SE2d 606) (2002).

*Judgment reversed and remanded. Eldridge and Barnes, JJ., concur. Ellington, J., disqualified.*

DECIDED MARCH 13, 2003.

Cornelius Jones, *pro se.*
D. Duston Tapley, Solicitor-General, Thurbert E. Baker, Attorney General, for appellee.