## A03A0582. CAUDELL v. THE STATE.
### (584 SE2d 649)

BARNES, Judge.

Fred Austin Caudell appeals the denial of his motion to withdraw his negotiated guilty plea. He maintains that his counsel was ineffective and that his plea was not voluntarily and freely given because he was under the influence of methamphetamine. Upon review and finding both arguments meritless, we affirm.

Caudell was indicted for trafficking in methamphetamine, pos-

---

[23] *Stephens v. State,* 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002).
[24] Id.

session of alprazolam, obstruction of an officer, and possession of less than one ounce of marijuana. On November 12, 2001, he pled guilty to the trafficking charge and the remaining charges were nolle prossed. Similar charges against his wife and son were also either nolle prossed or reduced. On December 12, 2001, Caudell filed a motion to withdraw his guilty plea, and after a hearing, the trial court denied the motion, finding that counsel was effective and that Caudell's guilty plea was entered knowingly and voluntarily. This appeal followed.

1. Caudell first contends that his guilty plea was void because his trial attorney rendered ineffective assistance in erroneously advising him about the effect of his guilty plea on his co-defendants, and in having a financial interest in the outcome of his case.

To prevail on this claim, Caudell must show that counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, he would not have pled guilty. *Swan v. State*, 251 Ga. App. 80 (1) (553 SE2d 383) (2001). We will not disturb a trial court's finding that counsel's performance was not deficient unless it is clearly erroneous. Id. On a motion to withdraw a guilty plea, "[t]he trial court is the final arbiter of all factual issues raised by the evidence." *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998).

(a) Caudell argues his plea was not voluntary because his attorney incorrectly advised him that if he were found guilty of trafficking, his wife and son would receive the same 30-year sentence and that if he pled guilty, all charges would be dropped against them. He asserted that his ninth-grade education and lack of familiarity with the legal system enabled his attorney to induce his plea with misinformation.

During an evidentiary hearing on the motion to withdraw the plea, Caudell's trial counsel testified that he talked with Caudell about the range of sentencing for his crime, but denied telling Caudell that he and his wife and son would receive a 30-year sentence if convicted. Caudell's son's attorney testified that he was present at a meeting between Caudell and his attorney the morning the plea was negotiated and did not recall any conversation about a 30-year sentence. He recalled the attorney telling Caudell that his son would probably be convicted if Caudell were convicted "due to the enormous amount of evidence, the atmosphere of the general public, the feelings." In its order denying the motion, the trial court found that "trial counsel did not make the statements attributed to him and therefore defendant could not be misled thereby as to the effect of his plea."

To reiterate, the trial court is the final arbiter of the facts. *Cazanas v. State*, supra, 270 Ga. at 131. Although Caudell and his son both testified at the hearing that the attorney made the alleged

statement, "[Caudell] told it to the judge, and the judge did not believe him. We will not say the judge was wrong." *Hurley v. State*, 247 Ga. App. 582, 583 (544 SE2d 508) (2001).

(b) Caudell also argues that trial counsel was ineffective because he had a financial interest in the outcome. He maintains that the fee arrangement with his attorney created a conflict of interest which had an adverse effect on his representation.

The evidence at the motion to withdraw guilty plea hearing established that Caudell paid his attorney $10,000 to hire a forensic expert. The attorney told Caudell that he would reimburse him if the money was not used for experts. The attorney also said that he needed the money because he wanted to buy some lake property and if the money was not used for experts, he would return the $10,000 plus $1,000 within 30 days. The attorney wrote Caudell an IOU for the money. The attorney testified that $2,500 was used for the expert, another undetermined amount was used for fees on an aggravated assault case involving Caudell, and he returned "about five, six thousand dollars" to Caudell. The attorney testified that he did not have a written fee agreement with Caudell, and that he did not put the $10,000, which was paid to him in cash, in an escrow account, but kept it in his pocket.

Caudell asserts that the circumstances of the fee arrangement with his trial counsel created a conflict of interest because it violated certain rules of professional conduct.

> An ethics violation, however, does not necessarily establish a claim of ineffectiveness of counsel under *Strickland v. Washington*. The appellant must still meet *Strickland*'s two-prong test of deficient performance and prejudice. This Court and other courts have recognized that in some circumstances counsel's fee arrangement may create a conflict of interest with the client and the conflict can affect the adequacy of counsel's representation. Only if an actual conflict appears, however, will a court presume prejudice in analyzing a claim of ineffectiveness of counsel.

(Footnotes omitted.) *Blackshear v. State*, 274 Ga. 842, 843-844 (2) (560 SE2d 688) (2002).

Caudell argues that the attorney intentionally misled him to plead guilty so that he would not have to pay back the loan. But the evidence establishes and the trial court found that the attorney refunded to Caudell before the plea that part of the $10,000 that was to pay expert witness fees. The trial court's factual findings concerning the refunded money will not be disturbed, and because Caudell has failed to show a conflict of interest " 'with respect to a material

factual or legal issue or to a course of action,' " *Blackshear*, supra, 274 Ga. at 844, this Court will not presume prejudice. Although Caudell may have demonstrated extreme improprieties with the fee arrangement, which may have been highly improper, without more, an improper fee agreement does not constitute ineffectiveness of counsel. Id.

2. Caudell also argues that his guilty plea was not voluntarily and freely given because he was under the influence of methamphetamine at the time he entered his plea.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Punctuation and footnote omitted.) *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001). Here, the record contains a transcript of the plea hearing and a signed, sworn statement reflecting that Caudell was cognizant of the rights he was waiving and the results of his guilty plea, that he understood the terms of the negotiated plea agreement, that he understood all the various jury trial rights he would waive by pleading guilty, that no one had influenced his guilty plea by making threats or promises to him, that his plea was voluntary, and that he was guilty of the crimes charged. Caudell testified that he was not under the influence of alcohol or medications at the time of his plea and signed a statement reflecting the same. The record contains no evidence, other than Caudell's own statements during the hearing on his motion to withdraw the plea, that he was impaired at the time of the plea proceeding. The State has demonstrated that he was cognizant of all of the rights he was waiving and the possible consequences of his plea.

The trial court's ruling on a motion to withdraw a guilty plea will not be disturbed on appeal absent a manifest abuse of discretion. *Reese v. State*, 242 Ga. App. 204 (529 SE2d 196) (2000). We discern no abuse of that discretion in this case. See generally *Hogue v. State*, 163 Ga. App. 543, 544 (1) (295 SE2d 214) (1982).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 27, 2003.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Jo Ann Fields*, for appellant.

*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.