## A03A2066. ROSS v. THE STATE.
### (593 SE2d 365)

RUFFIN, Presiding Judge.

The State charged Taiwayn Ross, Larry Pitts, and Craig Pitts with two counts of burglary.[1] Larry Pitts pled guilty to burglary and testified against Ross and Craig Pitts at their joint trial. The jury found Ross and Craig guilty of one count of burglary, but acquitted them both of the other burglary charge. Ross subsequently moved for a new trial, asserting that he received ineffective assistance of counsel. The trial court denied the motion, and Ross appeals. For reasons that follow, we affirm.

1. Before turning to the merits of this appeal, we must first consider the State's challenge to our jurisdiction. The record shows that, although Ross' original notice of appeal was untimely,[2] the trial court granted his motion for an out-of-time appeal. The State now asserts that the trial court should not have granted such relief because Ross failed to show that he did not cause the initial delay in meeting the appellate deadline.[3] Following a hearing on Ross' motion for an out-of-time appeal, the transcript of which does not appear in the appellate record, the trial court apparently decided otherwise. Nothing in the record indicates that the trial court abused its discretion in making that determination.[4] Accordingly, we reject the State's assertion that we lack jurisdiction over this appeal.

2. Viewed favorably to the verdict,[5] the evidence shows that, on March 24, 1999, Ross, Larry, and Craig went to Jones County in a car owned by Larry, but driven by Ross. En route, Larry stated that he had seen a house that he wanted to burglarize. Ross parked near the house, and the three men exited the car. According to Larry, he pried open the back door with a screwdriver, and all three entered the home. Larry and Ross took various items from the house and placed them in the trunk of Larry's car.

---

[1] The State also charged Larry Pitts, but not Ross or Craig Pitts, with theft by receiving stolen property. Larry Pitts and Craig Pitts are not related.

[2] See *Ross v. State*, 259 Ga. App. 246 (576 SE2d 633) (2003) (dismissing Ross' first appeal as untimely).

[3] See *Jones v. State*, 260 Ga. App. 251, 252 (1) (581 SE2d 315) (2003) ("The determination of [a motion for out-of-time appeal] turns on 'who bore the ultimate responsibility for the failure to file a timely appeal.' ").

[4] See id. (applying abuse of discretion standard).

[5] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

As Ross drove away from the scene, Larry realized that he had left his screwdriver in the house. He went back inside, took a few more items, and returned to the car, where Ross and Craig were waiting. At that point, however, Craig Green, the owner of the property on which Ross had parked, approached and asked what they were doing. Larry stated that the car had overheated, spoke with Green briefly, and then told Ross to drive away. Green followed them, and they eventually stopped the car and ran into a wooded area. After Green reported the incident to the police, officers found Ross and Larry lying near a ditch in the woods.

Based on the evidence presented, the jury found Ross and Craig Pitts guilty of burglary by entering the house with the intent to commit theft. It acquitted them, however, of committing burglary by entering the house a second time.

In his single enumeration of error, Ross argues that trial counsel should have moved to sever his trial from that of Craig Pitts. The record shows that, following a *Jackson-Denno*[6] hearing, the State admitted into evidence custodial statements given by Ross and Craig. In his statement, Ross claimed that Larry Pitts told him to drive to a particular location, then got out of the car and walked into the woods. Larry returned about 20 minutes later and placed "something" in the car trunk. According to Ross, neither he nor Craig Pitts left the car during this period, and he did not know what Larry put in the trunk. When they began leaving, Larry told him to stop and then went back into the woods, returning shortly thereafter with beer and a gun. Ross stated that he later ran from the car "because everybody else did."

Craig Pitts, on the other hand, told police that he and Ross accompanied Larry to the house, but turned back when they encountered a dog. As they walked away from the house, Larry ran up behind them with several items and handed "something" to Ross. The men then went to the car, and Larry placed the items in the trunk. At that point, Larry reentered the house and returned with beer and a gun.

Ross argues that Craig's statement, particularly the assertion that Ross got out of the car and took items from Larry, conflicted with his own statement and undermined his sole defense — that he was merely present at the scene. He contends that trial counsel should have requested a severance and, in a separate trial, moved to exclude Craig's statement on hearsay grounds.

To succeed in his ineffective assistance of counsel claim, Ross must show that trial counsel's performance was deficient and that

---

[6] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

the deficiency prejudiced his defense.[7] In making this showing, Ross "must overcome the strong presumption that counsel's performance fell within the broad range of reasonable professional conduct."[8] Furthermore, prejudice is not established unless Ross shows that "but for [counsel's] deficient performance, there was a reasonable likelihood that the outcome of the trial would have been different."[9] The trial court's determination that a defendant received effective assistance of counsel will not be reversed absent clear error.[10]

At the hearing on Ross' motion for new trial, trial counsel testified that he considered filing a motion to sever, but determined, after discussing the matter with Ross and counsel for Craig Pitts, that "strategy-wise, . . . it would be better to go [to trial] together." Counsel explained that both custodial statements pointed to Larry as the mastermind responsible for the crime and indicated that only Larry entered the house. Counsel thus determined that a "two-against-one strategy" would work best, especially since Larry had a prior drug conviction and was subject to impeachment. In other words, counsel decided to present the united front of Ross and Craig against Larry, the "cocaine-dealing former co-defendant who had already pled guilty to this crime."

The record demonstrates that counsel's decision not to move for a severance formed part of the defense strategy. And we cannot conclude that the trial court clearly erred in finding that counsel's "tactical decision demonstrated reasonable professional judgment under the circumstances."[11] Although Ross and his current counsel disagree with trial counsel's decision and contend that conflicts between the custodial statements undermined Ross' defense, such disagreement "does not require a finding that defendant's original representation was inadequate."[12] Furthermore, even if we deemed counsel's performance deficient, given Larry's testimony implicating Ross in the initial burglary, as well as Ross' conduct in fleeing from the car and hiding in a ditch, there is no reasonable likelihood that the outcome of the trial would have been different had counsel successfully moved to sever Ross' trial from that of his co-defendant. It follows that Ross is not entitled to a reversal based on his ineffective assistance of counsel claim.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[7] See *Rogers v. State*, 247 Ga. App. 219, 230 (14) (543 SE2d 81) (2000).

[8] Id.

[9] *Garrett v. State*, 259 Ga. App. 870, 872 (2) (578 SE2d 460) (2002).

[10] See id.

[11] Id. at 878 (2) (b) (ii). See also *Rogers*, supra at 231-232 (18) (b).

[12] (Punctuation omitted.) *Garrett*, supra.

DECIDED JANUARY 15, 2004.

*Reginald L. Bellury*, for appellant.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.