A05A0175. HARDEMAN v. THE STATE.
(615 SE2d 611)

ADAMS, Judge.

Khalil Malik Hardeman appeals the denial of his motion to withdraw his guilty plea. We affirm.

On January 13, 2004, Hardeman, represented by counsel, pleaded guilty to one count of armed robbery and one count of motor vehicle hijacking and was sentenced by the court to fifteen years to serve. On February 26, Hardeman, again represented by counsel, moved to withdraw his plea on the ground that despite his testimony during the plea hearing that he was not under the influence of any drugs, medicines or intoxicants, he was in fact under the influence of psychotropic drugs at the time. He claimed at the hearing on the motion that he had falsely informed the court during the plea hearing.

" 'After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion.' [Cit.] 'On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence.' [Cit.]" *Jones v. State,* 268 Ga. App. 723, 724 (603 SE2d 73) (2004).

> Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing

that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

In this case, there is no contention that the plea hearing was otherwise incomplete, and this Court's review of that hearing shows that all the required elements were considered. The sole question is Hardeman's allegation that he was under the influence of drugs at the time. The record contains no evidence, other than Hardeman's own statements during the hearing on his motion to withdraw the plea, that he was impaired at the time of the plea proceeding. He testified that he bought some thorazine on the black market from another inmate and took it the two nights before his guilty plea. He claimed that it helped him go to sleep but that on the following day he would still feel drowsy and "a little bit dizzy and stuff." He also testified that "it slowed down my thinking process," and that it caused him to feel like he "wasn't thinking before [he] was speaking."

This testimony raised a factual issue of whether Hardeman was under the influence of a drug at the time of the plea and, even if he was, of whether it affected him sufficiently to establish that his plea was not voluntarily, knowingly and intelligently made. Because resolution of factual questions are for the trial court, we find no abuse of discretion. See *Caudell v. State*, 262 Ga. App. 44, 47 (584 SE2d 649) (2003) (denial of motion to withdraw plea affirmed despite defendant's new claim that he was under the influence of methamphetamine at the time of his plea hearing); *Hogue v. State*, 163 Ga. App. 543, 544 (1) (295 SE2d 214) (1982).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 7, 2005.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.