A07A0962, A07A0963. ROCHA v. THE STATE (two cases).

(651 SE2d 781)

ELLINGTON, Judge.

David Rocha entered a negotiated guilty plea in the Superior Court of Hall County to trafficking methamphetamine, OCGA § 16-13-31 (f), with a quantity of more than 200 grams but less than 400 grams; and possession of cocaine, OCGA §§ 16-13-26 (1) (D); 16-13-30 (a). The trial court subsequently denied Rocha's pro se motion to withdraw his guilty plea. In Case No. A07A0962, Rocha appeals this order. The trial court later denied Rocha's motion to vacate the order denying his motion to withdraw his guilty plea. In Case No. A07A0963, Rocha appeals the latter order. We have consolidated these cases for appeal. In Case No. A07A0962, having found no error in the order denying Rocha's motion to withdraw his guilty plea, we affirm. For the reasons explained in Division 1 (b), infra, we dismiss Case No. A07A0963.

1. The threshold issue before us is whether this Court has authority to exercise appellate jurisdiction over Rocha's appeals. *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000) (It is the duty of the appellate court "to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.") (citation and punctuation omitted).

(a) Case No. A07A0962 presents an issue of whether Rocha's notice of appeal from the order denying his motion to withdraw his guilty plea was timely. Under OCGA § 5-6-38 (a), "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." See also *Veasley v. State*, 272 Ga. at 838 ("The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.") (citation and punctuation omitted; emphasis in original).

In this case, the judge signed the order denying Rocha's motion to withdraw his guilty plea on September 6, 2006, "nunc pro tunc August 16, 2006," and the clerk of court filed the order on September

12, 2006. Rocha filed his notice of appeal on September 22, 2006. Rocha contends that the 30-day period provided in OCGA § 5-6-38 (a) began to run on August 16, 2006, citing *Ross v. State*, 259 Ga. App. 246 (576 SE2d 633) (2003) (30-day period allowed for filing a motion for a new trial began to run on "nunc pro tunc" date, rather than on date on which the clerk of court filed the order). As a result, Rocha contends, his September 22, 2006 notice of appeal was untimely and the trial court should have considered his motion to vacate on the merits. See Division 1 (b), infra.

OCGA § 5-6-31, however, plainly provides that "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of [the Appellate Practice Act]."[1] A judge's oral pronouncement does not become a final and appealable judgment of the court "until and unless it is reduced to writing, signed by the judge, and filed with the clerk. This constitutes 'entry.' And it is only an 'entered' decision or judgment which is appealable." (Citations omitted.) *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987). As a result, the applicable 30-day limit for filing a notice of appeal does not begin to run until a judgment, signed by the judge, is filed with the clerk. *Bd. of Commrs. of Atkinson County v. Guthrie*, 273 Ga. 1, 2 (1) (537 SE2d 329) (2000); *Swinney v. City of Atlanta*, 176 Ga. App. 823 (1) (338 SE2d 52) (1985) (physical precedent only). To the extent that *Ross v. State* holds otherwise, it is hereby overruled.[2] Because the order denying Rocha's motion to withdraw his guilty plea was entered September 12, 2006, when it was filed with the clerk of court, Rocha's September 22, 2006 notice of appeal was timely and we

---

[1] See also OCGA § 9-11-58 (b) ("The filing with the clerk of a [civil] judgment, signed by the judge, with the fully completed civil case disposition form constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection.").

[2] As we noted in *Ross v. State*, 259 Ga. App. at 247-248, "[a] nunc pro tunc entry does not extend the statutory period for filing a notice of appeal," quoting *Veasley v. State*, 272 Ga. at 839. (Punctuation omitted.) See also *Bowen v. Clayton County Hosp. Auth.*, 160 Ga. App. 809, 810 (288 SE2d 232) (1982) (three days after the trial court entered judgment, a nunc pro tunc entry was made correcting the amount of the judgment; a notice of appeal filed within 30 days after the second order but more than 30 days after the entry of the judgment was untimely). In *Veasley*, the trial court denied the defendant's motion for a new trial and, nine months later, entered a second order denying the same motion in identical language. The defendant filed his notice of appeal within 30 days after the second order. Because the first order denying the defendant's motion for a new trial had never been vacated, set aside, or stayed, the Supreme Court of Georgia held that the time for filing the notice of appeal began to run when the first order was entered and had expired before the defendant filed his notice of appeal. *Veasley v. State*, 272 Ga. at 839. The Court noted that the result would have been the same even if the second order had included "nunc pro tunc" language. While a nunc pro tunc entry does not *extend* the statutory period for filing a notice of appeal, however, *Veasley* does not stand for the proposition that a nunc pro tunc entry can *shorten* the statutory period for filing a notice of appeal provided in OCGA § 5-6-38 (a), which begins to run when judgment is entered in accordance with OCGA § 5-6-31.

have jurisdiction to consider his appeal from the order denying his motion to withdraw his guilty plea.

(b) Case No. A07A0963 presents an issue of whether the trial court had jurisdiction at the time it entered the order denying Rocha's "Motion to Vacate and Set Aside Judgment and Order Denying Motion to Withdraw Guilty Plea." We conclude that it did not and, therefore, that Rocha's appeal from that order presents nothing for our review. Rocha filed his motion to vacate on September 25, 2006, three days after he filed a timely notice of appeal from the order denying his motion to withdraw his guilty plea. See Division 1 (a), supra. After noting this fact, the trial court declined to consider the motion to vacate on the merits. "The filing of a notice of appeal divests the trial court of jurisdiction to alter a judgment while appeal of that judgment is pending." (Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 35 (5) (644 SE2d 837) (2007).[3] As a result, once Rocha filed his notice of appeal, the trial court was without jurisdiction to modify or vacate the order denying Rocha's motion to withdraw his guilty plea. Id. Indeed, because the trial court no longer had jurisdiction to modify or vacate the September 12, 2006 order when Rocha filed his motion to vacate, any order considering the motion to vacate on the merits would have been a nullity. Id. An order which is a nullity provides no jurisdictional basis for an appeal. *Dept. of Human Resources v. Holland*, 236 Ga. App. 273, 274 (511 SE2d 628) (1999); *Fulton Paper Co. v. Reeves*, 212 Ga. App. 314, 315 (1) (441 SE2d 881) (1994). For these reasons, Case No. A07A0963 is hereby dismissed.

2. Having resolved the issue of our jurisdiction, we turn to the merits of Case No. A07A0962, in which Rocha contends that the State failed to establish that his guilty plea was entered knowingly and voluntarily and, therefore, the trial court abused its discretion in denying his motion to withdraw his guilty plea. "Making a knowing and voluntary plea requires an understanding of the nature of the charge, the rights being waived, and the consequences of the plea." (Citation omitted.) *McDaniel v. State*, 271 Ga. 552, 554 (2) (522 SE2d 648) (1999), citing *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating that the plea was intelligently

---

[3] See also *Bridges v. State*, 279 Ga. 351, 356-357 (10) (613 SE2d 621) (2005) (the filing of a notice of appeal divests the trial court of jurisdiction, and the trial court is therefore without authority to consider a motion filed while the case is on appeal).

and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice.

(Citations omitted.) *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998). "A trial court has discretion to permit the withdrawal of a guilty plea, and we will not reverse a trial court's refusal to permit withdrawal of the plea absent a manifest abuse of discretion." (Citation omitted.) *Smith v. State*, 274 Ga. App. 568, 571 (2) (618 SE2d 182) (2005).

(a) Rocha contends that, contrary to the trial court's finding, he was under the influence of prescription medication when he entered his guilty plea with the result that he did not knowingly and intelligently enter his plea. The record shows the following. Before the guilty plea hearing, Rocha signed a written petition, in which he was asked, "Are you now under the influence of any alcohol, intoxicants, or any drugs?" Rocha checked, "Yes" and noted "(high blood pressure heart)." During the hearing, the trial court asked Rocha, "Are you now under the influence of drugs or alcohol that affects your mental abilities?" Rocha answered, "No, sir." The trial court also asked Rocha if he had any questions about what had been discussed, and Rocha answered, "No, sir."

At the hearing on Rocha's motion to withdraw his guilty plea, Rocha testified that on the day he entered his guilty plea he was taking at least eight different prescription medications. He explained that he answered "no" when the judge asked him at the guilty plea hearing whether he was under the influence of drugs or alcohol that affected his mental abilities because he thought the judge was talking about illegal "street" drugs or alcohol, not prescription medication. He testified that two of his medications, Metoprolol and Verapamil, gave him "sort of a feeling of drunkenness, a feeling of relaxation" and that another, Zyloprim, "makes you like you don't care." He also identified Mevacor and nitroglycerin as drugs that affected his mental capabilities on that day. He testified that on the day he entered his guilty plea, his "mind was not straight." He testified on cross-examination, however, that at the time of the hearing on his motion to withdraw his guilty plea he was able to take knowing and voluntary action, even though he was taking most of the same medications, some at even much higher doses, as he was taking on the

day he entered his guilty plea. Rocha did not offer expert testimony about the effects of any medication.

Although this equivocal testimony raised a factual issue of whether at the time of his guilty plea Rocha was under the influence of prescription drugs to the extent that his plea was not voluntarily, knowingly and intelligently made, resolution of these factual questions is for the trial court. *Hardeman v. State*, 273 Ga. App. 550, 551 (615 SE2d 611) (2005). We conclude that the trial court did not abuse its discretion in finding on this record that Rocha entered his guilty plea intelligently and voluntarily. See id. (affirming denial of a motion to withdraw a guilty plea despite the defendant's testimony that he had taken Thorazine two nights before his guilty plea, which caused him to feel drowsy and dizzy, to think more slowly, and to speak without thinking); *Caudell v. State*, 262 Ga. App. 44, 47 (2) (584 SE2d 649) (2003) (affirming the denial of a motion to withdraw a guilty plea despite the defendant's testimony that he had been under the influence of methamphetamine at the time of his plea hearing); *Hogue v. State*, 163 Ga. App. 543, 544 (1) (295 SE2d 214) (1982) (affirming the denial of a motion to withdraw a guilty plea despite the defendant's testimony that he had been under the influence of Percodan at the time of his plea hearing).

(b) Rocha contends that the State failed to show that he was aware of the consequences of his plea because he was not thoroughly and accurately advised on the record of the maximum possible sentences and any mandatory minimum sentences he was facing.[4] "There is no constitutional requirement[, however,] that a defendant be advised of the length of his sentence before a court accepts his guilty plea." (Citation omitted.) *Waye v. State*, 239 Ga. 871, 876 (2) (238 SE2d 923) (1977). A defendant's otherwise voluntary guilty plea is not invalidated "merely because the range of punishment on the plea was never recited to him, when he makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed." *Hill v. Hopper*, 233 Ga. 633, 634 (212 SE2d 810) (1975).[5] When a defendant enters a

---

[4] See Uniform Superior Court Rule 33.8 (C) (Before accepting a guilty plea, a judge should, inter alia, inform the defendant on the record of the terms of any negotiated plea; of the maximum possible sentence on the charges, including possible consecutive or enhanced sentences; and of the mandatory minimum sentence, if any, on the charges.).

[5] Cf. *Johnson v. State*, 227 Ga. App. 390, 391-392 (1) (489 SE2d 138) (1997) (where a defendant and the State did not negotiate the sentence to be requested and where the record did not show that the defendant was advised of the mandatory imposition of life sentences on the charges against him, the State failed to establish that the defendant entered the plea with "full knowledge of the consequences" of the plea, including "information about the range of punishment he faces") (citations omitted).

negotiated guilty plea and receives the sentence for which he bargained, "the consequence of receiving the sentence to which [the defendant] agreed can hardly be deemed unanticipated or adverse." (Citation and punctuation omitted.) *Bess v. State*, 235 Ga. App. 372, 373 (1) (508 SE2d 664) (1998) (affirming convictions on guilty pleas where, although trial court failed to advise the defendants of the mandatory minimum sentence or the lack of parole eligibility, the defendants received the bargained-for sentences and those sentences exceeded the mandatory minimum).

In this case, the record conclusively established that the trial court imposed the sentence to which Rocha agreed. Because Rocha received the sentence for which he bargained, he cannot reasonably claim that he was unaware of the consequences of entering the negotiated guilty plea. *Bess v. State*, 235 Ga. App. at 373 (1). After a thorough review, we find that the record as a whole affirmatively shows that Rocha's plea was knowing and voluntary and that the trial court did not abuse its discretion in denying Rocha's motion to withdraw his guilty plea. Id.

*Judgment affirmed in Case No. A07A0962. Appeal dismissed in Case No. A07A0963. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Miller, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED SEPTEMBER 7, 2007.

*Nathanael A. Horsley*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.