A10A1695. HAM v. THE STATE.

(705 SE2d 301)

MILLER, Chief Judge.

A Gwinnett County jury found Daryl Ham, Sr., guilty of speeding. OCGA § 40-6-181. He was sentenced to 12 months confinement to be served on probation, a fine, and community service. On appeal, Ham contends that the trial court erred (i) in failing to warn him of the danger of proceeding without an attorney, and (ii) in overruling his objection to the admission into evidence of an expired laser permit. After a thorough review of the record, we reverse and remand for a new trial because the State failed to satisfy its burden of showing that Ham knowingly and intelligently waived his right to counsel.

Ham did not submit a transcript of the trial as part of the appellate record, and the State does not dispute his assertion that the proceedings were not transcribed. The general rule is that the appellant must show error by the record. See *Rose v. State*, 287 Ga. 238, 240, n. 2 (695 SE2d 261) (2010).

> An exception to that general rule has developed, however, based upon the Supreme Court's decision in *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984). In *Jones*, the Supreme Court held that under *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972), regardless of whether the charges are felony or misdemeanor charges, when an accused is put on trial and faces a term of imprisonment, he is constitutionally guaranteed the right to counsel. Id. The accused may make a knowing and intelligent waiver of this right, but we may not presume such a waiver from a silent record.

(Citation omitted.) *Jones v. State*, 260 Ga. App. 251, 252 (2) (581 SE2d 315) (2003) (reversing appellant's misdemeanor traffic offense convictions). In other words, "[w]hen the record is silent, waiver is never presumed and the burden is on the [S]tate to present evidence

of a valid waiver." (Citation omitted.) *Jones*, supra, 253 Ga. at 83. "[T]he record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver." (Citations and punctuation omitted.) *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002) (reversing defendant's conviction for speeding where record was silent as to the waiver of his right to counsel). The State bears the burden of demonstrating through a trial transcript or extrinsic evidence

> that the accused understood (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. Otherwise, there is no valid waiver.

(Footnote omitted.) *McAdams v. State*, 258 Ga. App. 250, 251 (1) (573 SE2d 501) (2002).

The record before us shows that Ham represented himself pro se below. The State does not show, nor does it attempt to show by "transcript or other extrinsic evidence," that Ham made a knowing and voluntary waiver of his right to counsel. *McAdams*, supra, 258 Ga. App. at 251 (1). Rather, the State argues that Ham waived the issue for purposes of appeal by failing to raise it before the trial court.[1] See, e.g., *Wilkerson v. State*, 286 Ga. 201, 206 (2) (686 SE2d 648) (2009) (appellant had a duty to object to trial court's erroneous statement regarding his ability to request re-appointment of counsel). We do not know, however, what happened at the trial, and any analysis of the State's argument would be grounded on speculation. In light of the limited record, we can say only that the State has not carried its burden of showing a valid waiver of Ham's constitutional rights. See *Jones*, supra, 260 Ga. App. at 252 (2). Accordingly, we reverse Ham's conviction and remand the case for a new trial.[2] See *Godlewski*, supra, 256 Ga. App. at 36.

*Judgment reversed and case remanded. Phipps, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 17, 2010.

Daryl Ham, *pro se*.

---

[1] We decline the State's invitation to find Ham's right to appellate review has been waived by a deficient appellate brief.

[2] In light of our disposition, Ham's other claim of error is moot.

*Rosanna M. Szabo, Solicitor-General*, for appellee.