## A07A0322. BROWN v. THE STATE.
### (645 SE2d 606)

MIKELL, Judge.

Thomas Eugene Brown appeals the trial court's order denying his motion to withdraw his nonnegotiated guilty plea to aggravated assault and burglary. Because withdrawal of the plea is not necessary to correct a manifest injustice, we affirm.

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice. The trial court's ruling on a motion to withdraw a guilty plea after sentence is pronounced will not be disturbed on appeal absent a manifest abuse of discretion.[1]

The record shows that Brown was charged with aggravated assault and burglary for unlawfully entering his former girlfriend's apartment and stabbing her with a knife. At trial, he decided to enter an open-ended plea to the charges. After confirming that Brown could hear the questions being posed, the trial court conducted a plea hearing in which it explained to Brown that he could be sentenced to serve a maximum of 20 years on each charge, for a total of 40 years. The trial court asked Brown if he understood the possible sentence, and Brown replied, "Yes, Judge." The trial court confirmed with defense counsel that the plea was not negotiated and again asked Brown, "do you understand . . . that I could sentence you to any lawful sentence?" Brown again replied, "Yes, Judge." The trial court advised Brown that he had a right to plead not guilty and continue with a jury trial, and then personally described to Brown the rights he would waive by entering a guilty plea. Brown confirmed that he understood those rights; acknowledged that he had ample opportunity to discuss his case with trial counsel; and signed a transcription of his guilty plea in which he acknowledged that the court could sentence him to a maximum of 40 years in prison. Brown was not asked specifically if his plea was voluntary or if he could understand the trial court, and there is no response to either question indicated in the transcript of

---

[1] (Footnotes omitted.) *Niako v. State*, 271 Ga. App. 222, 223 (609 SE2d 154) (2005).

his guilty plea. The trial court sentenced Brown to concurrent sentences of twenty years, with eight years to be served and the balance probated.

Brown filed a motion to withdraw his plea and/or for reduction of sentence. At a hearing on the motion, Brown's trial counsel testified that on the morning of trial, the state made a second, but more favorable, plea offer of ten years to serve three, but that Brown elected to enter an open-ended plea. Counsel testified that she did not force Brown to enter a guilty plea and that she explained to him the maximum and minimum sentences he could receive on each charge. Brown testified that he understood the charges against him; that trial counsel did not force him to enter a guilty plea; and that he did not understand what an open-ended plea was, but that trial counsel told him that he could get up to 40 years. Brown then testified, "[b]ut I think my outcome would have been better with a jury trial." The trial court denied the motion to withdraw, but reduced Brown's sentence to ten years to serve five.

On appeal, Brown contends that his plea was not voluntary because the trial court failed to review two of the *Boykin*[2] questions, and he had very limited time to discuss the plea with counsel. Although Brown was not asked specifically if he could understand the trial court and if his plea was voluntary, the record reflects that Brown could hear the trial court; that he understood the nature of the charges against him; that he voluntarily relinquished his constitutional rights; and that he understood that by pleading guilty the trial court could sentence him to 40 years.[3] It is clear that Brown seeks to withdraw his testimony because he believes, in hindsight, that a more favorable outcome would have resulted from a jury trial.

Finally, the record does not support Brown's claim that he was rushed or forced to enter the plea because the jury already had been empaneled. Rather, the record shows that the state had tendered a plea offer prior to the scheduled trial date; that the state made a more favorable offer just after opening arguments were concluded; that counsel had five or ten minutes to discuss that offer with Brown; that Brown consulted with trial counsel, associate counsel, and his father before electing to enter into an open-ended plea; and that Brown

---

[2] *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969) (the record must disclose the accused's voluntary waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers).

[3] See, e.g., *Roper v. State*, 246 Ga. App. 553, 554 (1) (541 SE2d 130) (2000) ("ritualistic compliance with all the requirements of [Uniform Superior Court Rule 33] is not necessary where the record demonstrates that the core considerations, i.e., the substantive elements of [*Boykin*] concerning the defendant's guilty or nolo contendere plea, are met") (footnotes omitted). Compare *Bazemore v. State*, 273 Ga. 160 (535 SE2d 760) (2000).

acknowledged having ample opportunity to discuss his case with trial counsel. As the record shows that Brown knowingly, intelligently, and voluntarily entered his guilty plea, the trial court did not abuse its discretion in denying his motion to withdraw the plea.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2007.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Frank M. Pennington II, Assistant District Attorney*, for appellee.